Marion YEAGER, Adm'x of the Estate of William J. West, Jr.,

v.

John B. HECKMAN and Clifton P. Ludwig.

Civ. A. No. 18166.

United States District Court
E. D. Pennsylvania.

Jan. 22, 1957.

934

John S. Speicher, Speicher & Austin, Reading, for plaintiff.

John J. McDevitt, III, Joseph R. Ritchie, Jr., of Ambler, Detweiler & Walsh, Philadelphia, Pa., for Utilities Mut. Ins. Co., workmen's compensation insurance carrier.

GANEY, District Judge.

Plaintiff's petition for an order of distribution of a fund resulting from a compromise settlement poses the question whether an employer's insurance carrier must also pay a proportionate attorney's fee on the difference between the sum which it agreed to pay under the Pennsylvania Workmen's Compensation Act and the amount which it actually paid.[1]

On November 20, 1954, William J. West, Jr., while he was in the course of his employment, was fatally injured as the result of the negligence of the defendants. The administratrix of his estate brought an action in this court under the Pennsylvania Wrongful Death and Survival statutes, 12 P.S. § 1601 et seq., 20 P.S. § 320.601 et seq. This court's jurisdiction was invoked on the grounds of diversity of citizenship. On December 22, 1954, the widow of the decedent entered into an agreement with decedent's employer and its insurance carrier to accept payment of $25 a week for 350 weeks and $9.40 a week for her daughter until she reached the age of eighteen years, and reimbursement of burial expenses of $425.[2] These payments, if paid in full, would total $13,901.86. Subsequently the defendants offered $37,500 in settlement of the claims against them in the civil action. On the date the plaintiff, the administratrix of decedent's estate, presented her petition, the insurance carrier had paid the widow on behalf of herself and her daughter $3,727.40 pursuant to the compensation agreement. There is no dispute concerning the reasonableness of the rate of the attorney's fee.

At the outset our problem is not one of determining which equitable principle of subrogation should apply but in ascertaining the policy of the Pennsylvania Legislature. Section 319 of the Pennsylvania Workmen's Compensation Act, as amended in 1951, P.L. 507, 77 P.S. § 671, provided in part: "Where the compensable injury is caused in whole or in part by the act * * * of a third party, the employer shall be subrogated to the right of the employee, his personal representative, his estate or his dependents, against such third party to the extent of the compensation payable under this article by the employer; *reasonable attorney's fees and other proper disbursements incurred in obtaining a recovery or in effecting a compromise settlement shall be prorated between the employer and employee, his*

---

1. In dollars and cents, the amount in controversy is $2,543.61.
2. This agreement was made pursuant to § 307 of the Act of June 2, 1915, P.L.

736, art. III, as amended by the Act of August 24, 1953, P.L. 1382, § 3, 77 P.S. §§ 561, 562.

*personal representative, his estate or his dependents."* [3] (Italics ours.)

Section 319, as amended in 1951, commanded that the reasonable attorney's fee shall be *prorated* between the employer and the employee. Webster's New International Dictionary (1946 Ed.) defines *prorate* as follows: "To divide or distribute proportionally; to assess pro rata." It also defines *pro rata* as meaning: "In proportion, proportionately; according to share, interest, or liability of each." However *pro rata* has no applicable meaning unless it is referable to some rule or standard. Chaplin v. Griffin, 1916, 252 Pa. 271, 280, 97 A. 409; Diamond Alkali Co. v. Henderson Coal Co., 1926, 287 Pa. 232, 238, 134 A. 386. In words, the section does not refer us to a standard from which it may be determined in what proportion the attorney's fee shall be prorated. But obviously one is intended, otherwise, the provision requiring that attorney's fees be prorated would be meaningless.

One of the purposes of the Compensation Act is to require that where, under certain circumstances, an employee is either injured or killed while he is in the course of his employment certain compensation payments are to be made by the employer to designated persons over a given period of time. Where the amount recovered against the third-party tort-feasor is equal to or less than the extent of the compensation payable under the Act, the persons entitled to receive compensation payments derive no benefit from the recovery while the employer or its insurance carrier is benefited to the extent of the recovery. On the other hand, where the amount recovered is greater than the extent of the compensation payable, the persons entitled to receive compensation payments are benefited to the extent that the amount recovered exceeds the compensation payable, while the employer or its insurance carrier is benefited to the extent of the compensation payable. Therefore it would be reasonable to assume in the absence of evidence to the contrary that it was the intention of the Legislature that the attorney's fee was to be prorated between the employer and those entitled to receive compensation payments to the extent each benefited by the recovery from the third-party tort-feasor.

Prior to the 1951 amendment it was held that under § 319 of the Act the employer's subrogation claim was not subject to a reduction by a proportionate share of the employee's counsel fees. But in Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company v. Barco, 1954, 175 Pa.Super. 369, at page 373, 103 A.2d 452, at page 454, the Court held, in agreeing with the opinion of the lower court, that under § 319 of the Act, as amended by the Act of May 18, 1945, P.L. 671, 77 P.S. § 671, the insurance carrier "cannot be charged with more than its proportionate share of attorney's fees which is based upon the sum actually paid and not upon the sum stated in the agreement." In that case, after an insurance carrier had paid $2,045.50 in compensation pursuant to an agreement to pay $7,024.15, the widow's attorney settled a wrongful death action brought against the third-party tort-feasor for $20,000. The lower court held that the insurance carrier was liable for a proportionate part of the attorney's fee only on the $2,045.50 paid.[4] We think it must be conceded that the 1951 amendment placed a greater obligation on the employer or his insurance carrier with respect to proportionate payment of attorney's fees than had existed prior to the amendment. See Pope v. Pennsylvania Threshermen and Farmers' Mut. Cas. Ins. Co., 1954, 176 Pa.Super. 276, 277, 107 A.2d 191.

---

3. There are no authoritative Pennsylvania Court decisions under the 1951 amendment on the problem posed in this action.

4. Opinion (unpublished) of Mook, P. J., Com. Pleas Crawford County, Pa., No. 96, May Term, decided on August 25, 1953.

On February 28, 1956, § 319 of the Act has again been amended.[5] Disregarding the added paragraph, which is not pertinent here, this amendment either re-enacted or left unchanged the wording of § 319 as amended in 1951. It appears to us that if the Pennsylvania Legislature, which knew of the Barco case, supra, had intended to make the employer's obligation to pay a proportionate attorney's fee referable to a standard which was less than the extent of the compensation payable under the Act; that is, if it had intended to make the division of the burden to pay the attorney's fee depend on such a fortuitous circumstance as the time of the recovery on a judgment or the receipt of payment pursuant to a compromise settlement, it would have said so in clear terms. Certainly the Legislature was aware that recovery against the third-party tort-feasor might take place before the period of compensation had terminated. For the remaining and concluding part of the 1951 amendment provided: "Any recovery against such third person in excess of the compensation theretofore paid by the employer shall be paid forthwith to the employee, his personal representative, his estate or his dependents, *and shall be treated as an advance payment by the employer on account of any future installments of compensations.*" (Emphasis supplied.) It may be said that the sole purpose of this sentence was to release the employer from any future payments under a compensation agreement, and to make certain that the recipient of compensation need not await the expiration of the period in the agreement before he would be entitled to receive the full amount of the remaining compensation due under the agreement. Nevertheless the language is not inconsistent with the interpretation that the employer or his insurance carrier must pay a proportionate attorney's fee on a sum equal to the extent of the compensation payable.

It may be arguable also that the 1951 amendment meant that the attorney's fee is to be prorated between the employer and the employee according to equitable principles of subrogation. If that is the referable standard of division, then the employer or its insurance carrier is in no better position. For under those principles the employer must bear that part of the attorney's fee which is in proportion to the benefit—the extent of compensation payable—it received. See Furia v. City of Philadelphia, 1955, 180 Pa.Super. 50, 118 A.2d 236.

The only cases we have been able to find where a like issue has been raised were those in which the Supreme Court of New Jersey, in interpreting a similar section of the workmen's compensation statute of that State, ruled that the employer or its insurance carrier must pay a proportionate attorney's fee on the full amount which it had agreed to pay under the statute and not only on the amount which it had actually paid. See Caputo v. Best Foods, Inc., 1955, 17 N.J. 259, 111 A.2d 261; Dante v. William T. Gotelli, Inc., 1955, 17 N.J. 254, 111 A.2d 267. In those cases the wording of the statute,[6] it seems to us, is more favorable to the employer or its insurance carrier's contention than is the 1951 amendment to § 319 of the Pennsylvania Act.

Accordingly, plaintiff may submit an order providing for the payment out of the fund held in escrow the sum of $251.-94 [7] to the insurance carrier of the de-

---

5. Act of February 28, 1956, P.L. (1955) 1120, § 1, 77 P.S. § 671.

6. R.S. 34:15–40(b), as amended by L. 1951, C. 169, p. 646, N.J.S.A., provides: "(b) If the sum received by the employee from the third person * * * is equivalent to or greater than the liability of the employer or his insurance carrier under this statute, the employer or his insurance carrier shall be released from such liability and shall be entitled to be reimbursed * * * for the medical expenses incurred and compensation payments theretofore *paid* to the injured employee or his dependents less employee's expenses of suit and attorney's fee * * *." (Emphasis supplied.)

7. This amount is obtained by subtracting $3,475.46 (the amount derived by multiplying $13,901.86, the extent of the compensation payable, by the rate of the attorney's fee) from $3,727.40, the amount paid as compensation.

 

ceased's employer and the distributing of the remainder in equal shares between the widow and the guardian of the estate of her daughter.