123 N.J. Super. 248 (1973)
302 A.2d 181
MARGARET McMULLEN, ADMINISTRATRIX OF THE ESTATE OF CHARLES McMULLEN, DECEASED, PLAINTIFF,
v.
MARYLAND CASUALTY CO., A CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided March 20, 1973.
*249 Mr. Nathan Baker for plaintiff (Messrs. Baker, Garber, Duffy and Baker, attorneys).
*250 Mr. Edward E. Kuebler for defendant.
LARNER, A.J.S.C.
Plaintiff, as administratrix ad prosequendum, instituted a wrongful death action against Conforti & Eisele, Inc., an assured of defendant Maryland Casualty Co. That litigation was settled for the sum of $250,000. Thereafter, a hearing was held and an order of distribution was entered providing for the payment of attorney's fees pursuant to the schedule in R. 1:21-7 and the allocation of the balance to the next of kin.
The negligence action arose out of an accident compensable under the Workmen's Compensation Act. As of the time of the settlement Maryland Casualty Co., which was also the compensation carrier, had made voluntary compensation payments amounting to approximately $16,000. However, the projected total compensation liability of the carrier for the death claim was $39,450.
In the order of distribution the court deducted the total projected compensation liability from the gross settlement in arriving at the amount of the attorney's fee. This was done for the sole purpose of assuring that the fee on this portion of the recovery would be assessed against the workmen's compensation carrier and not against the next of kin.
In the meantime, the attorney for plaintiff filed a workmen's compensation claim in order to formalize the amount due thereunder by an appropriate judgment, and also to have the attorney's fee computed on the subrogated portion of the third-party recovery.
In the Workmen's Compensation Division counsel for Maryland Casualty Co. took the position on the record that the company had no liability for counsel fees because the order of distribution did not allocate any fee to the subrogated figure of $39,450 nor assess any fee on that sum to the administratrix or next of kin. The compensation judge thereupon refused to award a fee, but left open in equivocal language whether such a fee would be due in the future by application to the Superior Court. A subsequent application *251 to the Superior Court in the negligence action was unavailing, and plaintiff was shunted to the Appellate Division for relief. In the meantime, defendant, in its dual position as liability and workmen's compensation carrier, remitted to plaintiff the settlement funds of $250,000, deducting however the gross amount of its lien for paid compensation benefits amounting to $16,574.
In an effort to extricate himself from the aforesaid procedural morass, plaintiff's counsel brought this independent action against Maryland Casualty Co. for the payment of the attorney's fee due on the total projected compensation award. Both parties moved for summary judgment.
At the hearing of these motions counsel for defendant backed away from the wholly untenable position which he asserted before the Workmen's Compensation Division and conceded that defendant is legally obligated to pay an attorney's fee on the amount of the total projected compensation claim regardless of the form of the distribution order or the lack of actual payment by the client.
The parties thereupon stipulated that this court assume jurisdiction of the controversy and proceed to determine the sole issue, namely, the quantum of attorney's fees to be paid by defendant. Moreover, plaintiff's counsel committed himself to dismiss the appeal from the Workmen's Compensation Division, so that the matter could be resolved on the merits before this court.
In passing, it should be noted that the Workmen's Compensation Division and the Superior Court have concurrent jurisdiction to determine liability of a compensation carrier for legal fees arising out of a third-party recovery so long as the carrier is a party to the litigation. Cf. Caputo v. The Best Foods, 17 N.J. 259 (1955); McDermott v. Standard Accident Ins. Co., 40 N.J. Super. 119 (App. Div. 1956). Hence, the court will now undertake to determine the method of computation of the fee to be paid by the workmen's compensation carrier.
*252 Plaintiff's counsel asserts that (a) such fee is not controlled by the contingent fee schedule contained in R. 1:21-7 and that he should receive 33-1/3% of the financial benefit gained by defendant through the third-party recovery; (b) if R. 1:21-7 is applicable, the percentage rates should be computed on the projected liability of the carrier in an independent manner, without consideration of the contingent fee applied to the client's recovery and with a maximum limitation of 33-1/3%.
The application or manner of application of R. 1:21-7 to the subrogative recovery of a workmen's compensation carrier has not been determined as yet in any reported opinion.
N.J.S.A. 34:15-40, which is the underlying statute establishing the liability of the workmen's compensation carrier for its share of the counsel fees incurred in a third-party recovery provides that the attorney's fee shall not be "in excess of 33-1/3%" plus expenses not in excess of $200. It is settled that where the third-party recovery exceeds the liability of the employer or his insurance carrier, the latter is liable for the fee computed upon the total compensation liability regardless of the amount actually paid or unpaid at the time of the third-party recovery. Dante v. Gotelli, 17 N.J. 254 (1955); Caputo v. The Best Foods, supra.
it is also clear that the contingent percentage fee provision of the statute is but an outside limit subject to the caveat that "the fee ratio shall not exceed that actually borne by the injured workman." Caputo v. The Best Foods, supra. Thus, in the latter case, it was held that the spirit and reason of the statute dictated that the fee assessable against the compensation carrier was only one-sixth of its recovery in view of the fact that the agreement between the employee and counsel provided for a contingent fee of one-sixth of the settlement of the tort action.
In view of the foregoing controlling precedents, it follows that the fee payable by defendant cannot exceed the fee payable by the administratrix of the employee's estate. *253 The gross fee payable by the estate was measured not by the retainer agreement between attorney and client but by the graduated scale contained in R. 1:21-7, and computation of the gross fee on the recovery of $250,000 averages out to 16.8%.
R. 1:21-7(c) excepts from the operation of the rule a case in which the client is a subrogee. This exception was to leave to mutual agreement the fee arrangement between attorneys and insurance carriers or others whose claims arise out of rights of subrogation. However, in this instance of the statutory subrogation of a carrier under the Workmen's Compensation Act the carrier is not the client. The carrier's right of recovery arises rather because of its statutory lien, with the attorney at all times acting on behalf of the employee. (A different result might obtain in the situation where the employee fails to seek recovery and an independent action is instituted by the compensation carrier under N.J.S.A. 34:15-40(f)). The exception in the fee rule does not apply to the subrogative recovery of a carrier under the Workmen's Compensation Act. Moreover, as already noted, the rationale of Caputo would bar any fee percentage in excess of that paid by the employee.
If, therefore, the fee assessable against the carrier is controlled by the applicable court rule and cannot exceed the fee ratio borne by the workman, how is it to be computed in view of the pattern of different percentages applicable to several portions of the total recovery? The queries presented by plaintiff's argument are: Should the company's recovery be considered as a separate claim so that the fee on $39,450 would be 33-1/3%, in view of the fact that the rule ratio on that sum would exceed the statutory limit? Should the carrier's recovery be considered as the initial portion of the total tort recovery because of its status as a lien so as to lead to the same result?
These suggestions run counter to the purpose, spirit and intent of the statute and the Caputo opinion. The third-party recovery on behalf of the workman's estate should be *254 considered as an entity, and the fee imposed upon the carrier should be no more nor less than that computed upon the total third-party settlement. There is no reason or logic to support the treatment of the carrier's share as separate and apart from the whole. By the same token, it is unfair and inequitable to apply the higher fee ratio at the beginning of the scale merely because the carrier's payment is founded upon a statutory lien.
The only fair method of computation is to use the percentage factor applicable to the total recovery of $250,000, for that is the overall fee payable by the client. Judgment will therefore be entered in favor of plaintiff and against defendant based upon 16.8% of the total liability of defendant on the compensation claim, plus the statutory cost allowance of $200.