**Maida Ludvik SHERIS, Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY, Appellee.**

**Maida Ludvik SHERIS, Appellee,**

v.

**The TRAVELERS INSURANCE COMPANY, Appellant.**

Nos. 73–1462, 73–1463.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 7, 1973.

Decided Feb. 12, 1974.

James H. Simmonds, Arlington, Va., and Richard A. Mehler, Washington, D. C. (Lawrence S. Schaffner, Washington, D. C., on brief), for Maida Ludvik Sheris.

James C. Gregg, Washington, D. C., for The Travelers Ins. Co.

Before HAYNSWORTH, Chief Judge, and BUTZNER and WIDENER, Circuit Judges.

BUTZNER, Circuit Judge:

This appeal questions the apportionment of an attorney's fee between a workmen's compensation carrier and the administratrix of an estate who recovered damages for the wrongful death of an employee. The district court used only the compensation installments actually paid as a basis for assessing the carrier's proportionate share of the fee. We conclude that the entire compensation award furnished the appropriate basis for apportionment, subject to a credit allowable to the carrier. Accordingly, we vacate the judgment and remand the case for further proceedings.

William T. Sheris perished in the crash of a transatlantic aircraft. Because his death occurred during the course of his employment, the Industrial Commission of Virginia awarded his widow and minor children compensation payable by his employer's insurance carrier, the Travelers Insurance Company, in 400 weekly installments of $45, totaling $18,000. Mrs. Sheris, suing in district court as administratrix of her husband's estate, also received $75,000 from the airline responsible for his death. From her share of the recovery against the airline, she paid an attorney's fee of $25,000. Thus, while this litigation is cast in terms of apportioning an attorney's fee, it is really an attempt by Mrs.

Sheris to obtain from Travelers partial reimbursement for her outlay.

Before the court made final distribution of the $75,000, a dispute over Travelers' right to subrogation was submitted to the Industrial Commission. In that forum, Mrs. Sheris contended that the subrogation provisions of the Workmen's Compensation Act[1] were inapplicable because the airline's liability rested on contractual aspects of the Warsaw Convention and the damages recovered by the estate were in the nature of insurance. The Industrial Commission ruled against Mrs. Sheris, holding that Travelers was subrogated to the estate's rights against the airline. Consequently, it ordered that Travelers should be reimbursed for the weekly installments it had already paid, aggregating $5,040, and it relieved the company of future payments. Thus, Travelers was saved harmless from liability on the entire $18,000 award. The Supreme Court of Virginia affirmed, Sheris v. Sheris Co., 212 Va. 825, 188 S.E.2d 367 (1972). Neither the Commission nor the Court apportioned counsel fees.

Returning to the district court, the parties sought distribution of the award. Travelers asked to be repaid the sum of $5,040 without contribution for counsel fees, because Mrs. Sheris had opposed its right of subrogation. Mrs. Sheris urged that the carrier be assessed a fee of $6,000 based on the entire compensation award of $18,000. The court accepted neither party's position. It ruled Travelers' contribution for fees should be based on $5,040, the amount of compensation it had paid, rather than its potential liability of $18,000. It made no adjustment for Travelers on account of Mrs. Sheris' opposition to subrogation. Accordingly, from the $75,000 recovery against the airline, the court awarded Travelers $5,040 less 33⅓% which it deducted for Travelers' share of the fee. Dissatisfied, both parties appealed.

The Virginia Workmen's Compensation Act allows either the employer or the employee to sue the person responsible for the employee's injury except for reasons not pertinent to this case. If the employer sues, he may retain from the damages he recovers a sum sufficient to reimburse himself for the compensation paid, or payable, to the employee, but he must account to the employee for money collected in excess of the award.[2] If the employee sues, the employer is entitled to be reimbursed for compensation already paid and to be discharged from liability for future payments to the extent that the judgment against the wrongdoer is sufficient to satisfy the compensation award. The balance may be retained by the employee.[3] In either instance, the employer's workmen's compensation insurance carrier stands in the shoes of the employer.[4]

For many years an employer who sued the wrongdoer has been authorized to deduct reasonable attorney's fees before remitting to the employee.[5] But before 1960 an employee who brought suit was not entitled to charge any attorney's fees against the employer's share of the recovery.[6] Frequently these rules placed all of the expense of suing a wrongdoer on the injured employee or his survivors even though the employer or his compensation carrier benefited substantially. To remedy this inequity, the legislature amended the Workmen's Compensation

1. Va. Code Ann. §§ 65.1–41 and 42 (1973). The text is quoted in notes 14 and 15, *infra*.

2. Va. Code Ann. § 65.1–41 (1973). The text is quoted in note 14, *infra*.

3. Va. Code Ann. § 65.1–42 (1973). The text is quoted in note 15, *infra*. Sheris v. Sheris Co., 212 Va. 825, 188 S.E.2d 367 (1972).

4. Va. Code Ann. § 65.1–112 (1973).

5. *See* VEPCO v. Mitchell, 159 Va. 855, 164 S.E. 800, 167 S.E. 424, 425 (1933) (dictum).

6. *See* Stancil v. United States, 200 F.Supp. 36, 44 (E.D.Va.1961) (dictum). Travelers' reliance upon *Stancil* is misplaced. In *Stancil* claim was made only for apportionment of attorney's fees on the basis of the compensation already paid, and, therefore, the court had no occasion to discuss the issue presented in the case now before us.

Act by apportioning attorney's fees between the employer and employee as their respective interests may appear regardless of who instituted the suit.[7]

The Supreme Court of Virginia has not been called upon to decide the correct basis for apportioning an attorney's fee when the employee's recovery against the wrongdoer is in excess of both the paid and unpaid portions of a compensation award. Several courts, however, have interpreted apportionment statutes similar, though not identical, to Virginia's. They have ruled that apportionment must be based on the full liability of the employer—the compensation it has paid in the past and the amount that it would be required to pay in the future were it not for the employee's successful suit.[8]

The reasoning of these cases is sound. It rests on the conclusion that there is no rational distinction between the benefit an employer enjoys from being reimbursed for compensation payments already made and the benefit of being released from the obligation to make future compensation payments. Therefore, as one court has pointed out, it is reasonable to assume that the legislature intended the attorney's fee to be prorated to the extent of the benefits the employer received from the recovery against the wrongdoer.[9] Stated negatively, there is nothing to indicate that when the Virginia legislature directed proration of the fees as the interests of the parties may appear, it intended that only part of the interest of the compensation carrier should be taken into account.

While some compensation awards may be modified with respect to future payments, the employee's right of apportionment should not be defeated.[10] The prospect of modification, however, is a factor that a court should consider in light of the contingency that may affect the award. In the case before us, the possibility of modification of the award presents no problem. Upon Travelers' application, the Industrial Commission released it from future payments because Mrs. Sheris and her children recovered $75,000 from the airline.

Travelers asserts that cases from other jurisdictions are not persuasive because Va.Code Ann. § 65.1–42 (1973) expressly provides that the employer's share of attorneys' fees shall be deducted from the compensation actually paid.[11] This provision, Travelers argues, shows conclusively that proration of attorneys' fees must be based on install-

---

7. Ch. 89, § 39.1 [1960] Va.Acts 108. This section has been recodified as Va.Code Ann. § 65.1–43 (1973). It provides:

"In any such action, or claim for damages, by such employee, his personal representative or other person against any person other than the employer, and in any such action brought, or claim asserted, by the employer under his right of subrogation provided for in § 65.1–41, if a recovery is effected, either by judgment or voluntary settlement, the reasonable expenses and reasonable attorney's fees of such claimants shall be apportioned pro rata between the employer and the employee, his personal representative or other person, as their respective interests may appear."

8. Dowhy v. Moyer, Inc., 278 F.2d 753 (3rd Cir. 1960); Yeager v. Heckman, 158 F. Supp. 933 (E.D.Pa. 1957); Caputo v. Best Foods, Inc., 17 N.J. 259, 111 A.2d 261 (1955); Dante v. Gotelli, Inc., 17 N.J. 254, 111 A.2d 267 (1955); McMullen v. Maryland Casualty Co., 123 N.J.Super. 248, 302 A.2d 181 (1973); Wall v. Conn. Welding & Machine Co., 197 Pa.Super. 360, 179 A.2d 235 (1962); Soliday v. Hires Turner Glass Co., 187 Pa.Super. 44, 142 A.2d 425 (1958); cf. Security Ins. Co. of Hartford v. Norris, 439 S.W.2d 68 (Ct.App.Ky. 1969) (apportionment based on equitable, not statutory, grounds); see Atleson, Workmen's Compensation: Third Party Actions and the Apportionment of Attorney's Fees 19 Buffalo L. Rev. 515, 532 (1970).

9. See Yeager v. Heckman, 158 F.Supp. 933, 935 (E.D.Pa. 1957).

10. See Soliday v. Hires Turner Glass Co., 187 Pa.Super. 44, 142 A.2d 425, 428 (1958).

11. See note 15, infra.

ments of an award already paid, and not on the unpaid installments.

The difficulty with Travelers' position is that it overlooks the significance of the 1960 amendment to the Compensation Act.[12] The principal substantive change was the enactment of a new section recodified as § 65.1–43 [13] providing that upon the recovery of damages by either the employer or the employee against the wrongdoer, the court should apportion reasonable attorney's fees between the employer and the employee as their interests appear. To carry out this substantive change, the amendment modified two existing sections dealing respectively with suits brought by the employer [14] and suits brought by the employee.[15] These modifications are procedural. They are designed to insure that the attorney's fees shall be apportioned in accordance with the substantive changes made in § 65.1–43 when the proceeds of the judgment against the wrongdoer are disbursed.

■ Section 65.1–42, on which Travelers relies, simply authorizes a deduction of a proportionate share of the fee from the reimbursement payable to the employer "as provided in § 65.1–43." It is obvious, therefore, that § 65.1–42 is not, as Travelers contends, a limitation on the general apportionment statute, § 65.1–43. Section 65.1–42 does not deal expressly or by implication with the employer's obligation for attorney's fees arising out of the release of future payments that would have been due under the compensation award were it not for the employee's successful suit. This question is governed by § 65.1–43, which explicitly states that apportionment must be made as the respective interests of the employer and employee appear.

■ Travelers' interest in the recovery of $75,000 against the airline is sub-

---

12. Ch. 89, §§ 65–38, 39 and 39.1 [1960] Va. Acts 108. The Workmen's Compensation Act was revised and recodified in 1968. Ch. 660, §§ 65.1–41, 42, and 43 [1968] Va. Acts 1130. The text of these sections was not affected by the 1968 recodification. For convenience, the recodified section numbers have been used in this opinion.

13. The text of this section is quoted in note 7, *supra.*

14. Section 65.1–41 of the Va. Code Ann. (1973) provides:

"The making of a lawful claim against an employer for compensation under this Act for the injury or death of his employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death, and such employer shall be subrogated to any such right and may enforce, in his own name or in the name of the injured employee or his personal representative, the legal liability of such other party. The amount of compensation paid by the employer or the amount of compensation to which the injured employee or his dependents are entitled shall not be admissible as evidence in any action brought to recover damages. Any amount collected by the employer under the provisions of this section in excess of the amount paid by the employer or for which he is liable shall be held by the employer for the benefit of the injured employee or other person entitled thereto, less *a proportionate share of* such amounts as are paid by the employer for reasonable expenses and attorney's fees *as provided in § 65.1–43* . . . ."

[The 1960 Amendment is italicized].

15. Section 65.1–42 of the Va. Code Ann. (1973) provides:

"In any such action by such employee, his personal representative or other person against any person other than the employer, the court shall, on petition or motion of the employer at any time prior to verdict, ascertain the amount of compensation paid and expenses for medical, surgical and hospital attention and supplies, and funeral expenses, incurred by the employer under the provisions of this Act, *and deduct therefrom a proportionate share of such amounts as are paid by the plaintiff for reasonable expenses and attorney's fees as provided in § 65.1–43;* and in event of judgment against such person other than the employer the court shall in its order require that the judgment debtor pay such compensation and expenses of the employer, *less said share of expenses and attorney's fees,* so ascertained by the court out of the amount of the judgment, so far as sufficient, and the balance, if any, to the judgment creditor.

[The 1960 Amendment is italicized].

**608**

stantially the same with respect to both the paid and unpaid portions of the compensation award. Travelers was relieved from liability from both parts of the award for precisely the same reason —Mrs. Sheris' suit against the airline. Fortuities affecting the time required to bring that litigation to a successful conclusion determined in part the amount of compensation that remained unpaid. But these fortuities, similar to those attending all litigation, furnish no rational criteria for determining a just apportionment of the attorney's fee. We conclude, therefore, that Travelers' obligation to pay a part of the attorney's fee must be based on the full compensation award of $18,000.

■ We turn next to Travelers' cross appeal which charges that because of Mrs. Sheris' opposition to its right of subrogation, the court erred in assessing any fees against it. Travelers' argument, we believe, does not defeat Mrs. Sheris' claim, but it is a factor the court must consider in apportioning the attorney's fee between the parties.

The Compensation Act's direction to apportion fees as the interests of the parties may appear is broad enough to encompass this situation. Travelers has benefited by Mrs. Sheris' suit against the airline, and under the Act it must pay its share of the fee. But the company also had to spend its own money when Mrs. Sheris assumed an adversary position on the issue of subrogation. Therefore, the district court should allow as a deduction from the fee that Travelers would otherwise owe, the amount it reasonably expended to perfect its right of subrogation. In this way the mandate of the statute requiring consideration of the interests of both parties will be fully observed.

The judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this opinion. Each party shall bear its own costs.