## CIRCUIT COURT OF FAIRFAX COUNTY

Tracey M. Adamick

v.

Richard G. Maher
and James B. Wood

April 10, 1991

Case No. (Law) 96390

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is the ascertainment of the amount of American Motorists Insurance Company's workers' compensation lien on a judgment recovered by plaintiff against a third party. American Motorists, acting in the status of subrogee of the plaintiff's employer, McDonald's corporation, further, specifically seeks a determination of how much, if any, of the attorneys' fees incurred by the plaintiff in recovering the judgment against a third party should be paid by it.

In this case, the plaintiff/employee recovered $9,000.00 in settlement of her claim against Richard G. Maher and James B. Wood. The workers' compensation carrier paid the plaintiff/employee $2,423.48 for her claim, pursuant to the Workers' Compensation Act of Virginia and is entitled to recover that amount from the proceeds of the recovery from the third party. The proportional

share of the total recovery received by the plaintiff/employee and the carrier is 73% and 27%, respectively. On the issue of attorneys' fees, the carrier provided the Court with its billing records and other supporting documents showing the nature of the work done and that it expended $1,090.50 in attorneys' fees and $11.93 in costs. Plaintiff's counsel did not submit his hours but provided the Court with a summary of his work and documents from his file reflecting the work done. The costs expended by plaintiff total $196.50. The attorneys' fees to be paid by the plaintiff total $3,000.00 and are based on a contingent fee of one-third of the amount recovered.

Virginia law provides the following on the issue of apportionment of fees and costs between the workers' compensation carrier and the employee:

> In any such action by such employee, his personal representative or other person against any person other than the employer, the court shall, on petition or motion of the employer at any time prior to verdict, ascertain the amount of compensation paid and expenses for medical, surgical and hospital attention and supplies, and funeral expenses, incurred by the employer under the provisions of this Act, and deduct therefrom a proportionate share of such amounts as are paid by the plaintiff for reasonable expenses and attorneys' fees as provided in § 65.1-43; and in event of judgment against such person other than the employer, the court shall in its order require that the judgment debtor pay such compensation and expenses of the employer, less said share of expenses and attorneys' fees, so ascertained by the court out of the amount of the judgment, so far as sufficient, and the balance, if any, to the judgment creditor. Va. Code § 65.1-42 (1987).
>
> In any such action, or claim for damages, by such employee, his personal representative or other person against any person other than the employer, and in any such action brought, or claim asserted, by the employer under his right of subrogation provided for in § 65.1-41,

if a recovery is effected, either by judgment or voluntary settlement, the reasonable expenses and reasonable attorneys' fees of such claimants shall be apportioned pro rata between the employer and the employee, his personal representative or other person, as their respective interests may appear. Va. Code § 65.1-43 (1987).

These statutory provisions have not yet been addressed by the Virginia Supreme Court. However, I find the statutes may properly be read as requiring an apportionment of the attorneys' fees between employee and employer in relation to the share of the total recovery each obtained from the third party. *See, Sheris v. Travelers Insurance Co.*, 491 F.2d 603, 608 (4th Cir. 1974); *cert. denied*, 419 U.S. 831 (1974); *McCally v. Hartford Accident and Indemnity Co.*, 247 F. Supp. 444, 446 (D. D.C. 1965); *Kroll v. Hyster Co.*, 247 N.W.2d 561, 568 (Mich. 1976), *supra. See also, Atleson*, "Worker's Compensation Third Party Actions and the Apportionment of Attorney's Fees," Buffalo L. Rev. 515, 532-535 (1970). Further, some recognition of the costs incurred for legal services provided by the insurance company may be given by way of offset. *McCally*, 247 F. Supp. at 446. *See also, Sheris, supra* at 608.

However, the costs for legal services incurred by the carrier may not be recovered in every case. The courts which have addressed this issue state the proposition that, unless the carrier actually participated in the effort which resulted in the settlement, no offset for the fees incurred is permitted. *McCally*, 247 F. Supp. at 446; *Collins v. United Pacific Ins. Co.*, 553 A.2d 707 (Md. 1989); *Banoski v. Motor Crane Service, Inc.*, 192 N.W.2d 555 (Mich. Ct. App. 1971). ("In the instant case, although the carrier did intervene, the carrier's attorney did not assist plaintiff's attorney in this cause"); *Cannon v. Container Corporation of America*, 282 A.2d 614, 615-616 (Del. 1971). *See also, Sheris*, 491 F.2d 603; *Stancil v. United States*, 200 F. Supp. 36, 47 (E.D. Va. 1961).

In the instant case, work performed by the carrier's attorney essentially entailed monitoring the progress of the third-party claim and on obtaining plaintiff's acknowledgment of the carrier's lien and her agreement to protect the lien in the course of her efforts to negoti-

ate a settlement. Counsel for the carrier did not actively participate in the effort that resulted in the settlement and recovery of funds. *See, e.g., Collins, supra.* Further, unlike the facts in *Sheris*, plaintiff did not oppose the carrier's exercise of the subrogation rights and litigation was not required to protect those rights. Accordingly, no offset for attorneys' fees incurred by the carrier may be awarded.

The calculation of the attorneys' fees attributable to the workers' compensation carrier based on its share of the recovery obtained from the third-party is $810.00 (27% x $3,000.00). Its share of costs is $53.06 (27% x $196.50). Its lien is thus ascertained to be $1,560.42, reflecting the deduction of $863.06 representing its share of the fees and costs incurred by the plaintiff.