**MICHIGAN MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**Wayne Davis SMOOT, Sr. and Debbie Smoot, Defendants.**

**Civ. A. No. 00–1026–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

April 4, 2001.

Henry Cannon Spalding, III, Sands, Anderson, Marks & Miller, Richmond, VA, for plaintiff.

Christopher P. Schewe, Alexandria, VA, for defendant.

### Memorandum Order

LEE, District Judge.

THIS Matter is before the Court on Plaintiff Michigan Mutual's Motion for

Summary Judgment and Defendants Wayne and Debbie Smoots' Motion for Summary Judgment. The issues before the Court are (1) whether a claim of unjust enrichment to prevent a double recovery is properly brought against the wife of a worker who has received workers' compensation benefits and a civil damages award; (2) whether the insurance carrier's claim in equity for the imposition of a constructive trust and judgment against a worker who received both workers' compensation benefits and a civil damages award is defeated by the equitable defenses of lack of vigilance, laches, and the statute of limitations; (3) whether a court should impose a constructive trust on a defendant where the plaintiff has not demonstrated that the monies the party seeks can be traced to the defendant's assets; (4) whether summary judgment is appropriate on an unjust enrichment claim where the defendant has introduced evidence of off-setting sacrifices in the form of a waiver of future workers' compensation benefits and of social security set-offs; (5) whether a carrier suing for reimbursement in equity is responsible for a share of the attorney's fees incurred by the worker to obtain tort recovery; and (6) whether the carrier is entitled to attorney's fees for the equity suit.

Upon consideration of the parties' submissions and oral argument, the Court holds the following. First, a claim for unjust enrichment is not proper against the wife of a worker who has received compensation benefits and civil damages. The worker's wife technically has not received a double recovery because the workers' compensation benefits were paid to the worker, not to his wife. Therefore, even though the wife may benefit from both the workers' compensation award and the civil damages award, she is not twice paid for the same injury; only her husband is. Second, the worker cannot defeat the carrier's claim for unjust enrichment in this case using the defenses of lack of vigilance, laches, and statute of limitations. The carrier's immediate pursuit of reimbursement with the Industrial Commission demonstrates vigilance. Relatedly, the carrier's prompt and continuous efforts to obtain reimbursement defeats a laches defense because there was no indication that the carrier abandoned its claim. Furthermore, the worker cannot prevail on laches because the worker has not shown any prejudice that occurred as a result of the carrier's delay in bringing this case. Finally, the statute of limitations defense fails because the carrier brought this suit within two years of the worker's settlement of the third-party action. Third, the Court holds that a constructive trust is not an appropriate remedy where the claimant's money is not directly traceable to the chose in action or property of the defendant. Fourth, summary judgment is not appropriate on an unjust enrichment claim where a dispute remains as to the material fact of whether the consequences of settling outside the Workers' Compensation Act, and refusing to reimburse the carrier, outweigh the benefits of settling in accordance with the Act. The question of whether a defendant has been unjustly enriched is not a question of law, but is a question of fact for a factfinder. Fifth, the carrier must pay its *pro rata* share of attorney's fees if it seeks to benefit from a worker's tort action recovery. Finally, the Court holds that the carrier is not entitled to attorney's fees for this suit in equity, because this suit to secure reimbursement is pursued independently of the right of subrogation. For these reasons, it is hereby

ORDERED that Defendants Wayne and Debbie Smoots' motion for summary judgment and Plaintiff Michigan Mutual Insurance Company's motion for summary judg-

ment are both GRANTED IN PART and DENIED IN PART. It is further

ORDERED that summary judgment as to Defendant Debbie Smoot is GRANTED, and Debbie Smoot is DISMISSED as a defendant in this case;

ORDERED that summary judgment on the affirmative defenses of lack of vigilance, laches, and the statute of limitations is DENIED;

ORDERED that summary judgment on the impropriety of the imposition of a constructive trust is GRANTED, and that Michigan Mutual may seek only monetary damages as a remedy;

ORDERED that summary judgment on the substance of the unjust enrichment claim is DENIED, as material facts remain as to whether Defendant Wayne Smoot has been unjustly enriched;

ORDERED that summary judgment on the propriety of reducing any recovery awarded to Michigan Mutual by a *pro rata* share of the percentage the Smoots paid in attorney's fees is GRANTED;

ORDERED that summary judgment on the propriety of awarding Michigan Mutual attorney's fees for the instant action is DENIED, so each party must bear its own fees and costs for this litigation.

## FACTUAL BACKGROUND

The facts relevant to this motion are as follows. Defendant Wayne Smoot ("Smoot") was an employee of Henry's Wrecker Service Company ("Wrecker Service"). Defendant Debbie Smoot is the Worker's wife (collectively "Smoots"). Plaintiff Michigan Mutual Insurance Company ("Michigan Mutual") is the Wrecker Service's workers' compensation insurance provider.

Smoot was injured in a motor vehicle accident on March 6, 1995 during the course of his employment. He applied for, and received, workers' compensation in the amount of $162,587.57 from Michigan Mutual. Smoot and his wife subsequently sued the other driver involved in the accident in federal court. Michigan Mutual notified the Smoots that Michigan Mutual asserted a "lien" in the amount of the workers' compensation award. However, Michigan Mutual did not intervene or assert any of its rights in the third-party action. Without Michigan Mutual's knowledge or consent, the parties settled the third-party action on June 22, 1998 for $500,000.00. The third party's insurer issued a check payable to the Smoots and their attorneys. The Smoots' attorneys deducted the attorneys' fees and costs from the settlement and disbursed the remainder. The Smoots received $326,672.49 from the civil recovery. Michigan Mutual asked the Smoot to reimburse Michigan Mutual the amount of the workers' compensation benefits. Smoot and his wife have refused Michigan Mutual's requests.

Michigan Mutual filed a petition with the Virginia Workers' Compensation Commission to terminate Smoot's compensation benefits, and sought a ruling to compel Smoot to reimburse Michigan Mutual for compensation paid to Smoot. The Commission terminated Smoot's future benefits because Smoot had settled his tort action without Michigan Mutual's consent. The Commission ruled that it did not have authority to order the Worker to reimburse Michigan Mutual the compensation benefits.

Michigan Mutual brought suit against Smoot and his wife for reimbursement. The claim remaining before this Court alleges unjust enrichment. The Smoots and Michigan Mutual have filed cross motions for summary judgment on the claim.

## DISCUSSION

### Standard of Review

Under Rule 56(c) of the *Federal Rules of Civil Procedure*, the Court must grant summary judgment if the moving party demonstrates that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party. Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### Analysis

In filing cross motions for summary judgments, Michigan Mutual and the Smoots express agreement that there is no genuine issue of material fact in dispute. However, review of the facts as set forth by both parties demonstrates that there are factual disputes for a factfinder to resolve. The Court is able to decide some of the issues raised by the parties as a matter of law, but must leave the remaining issues for the trier of fact.

■ The Court grants Defendants' motion for summary judgment as to Defendant Debbie Smoot. The Court holds that, on the facts of this case, a factfinder could not find that Debbie Smoot was unjustly enriched for having received a tort award for loss of consortium from the civil action that the Smoots settled. This Court in its December 22, 2000 Memorandum Opinion in this case held that Michigan Mutual had pled a claim of unjust enrichment because a worker is not entitled to a double recovery under Virginia law: one recovery in workers' compensation benefits, and another in a third-party tort award. *See, e.g., Tomlin v. Vance Int'l, Inc.*, 22 Va. App. 448, 470 S.E.2d 599, 601 (1996); *Wood v. Caudle–Hyatt, Inc.*, 18 Va.App. 391, 444 S.E.2d 3, 8 (1994). Debbie Smoot has not received a double recovery because she has only recovered once. Only Defendant Wayne Smoot, as an employee, was entitled to and received a workers' compensation award from Michigan Mutual. Therefore, Debbie Smoot cannot be liable to reimburse Michigan Mutual for money that Michigan Mutual did not give her.

■ The Court also grants the Smoots' motion for summary judgment on the issue of whether the Court should reduce any money judgment awarded to Michigan Mutual by an amount constituting a *pro rata* share of the attorney's fees and costs the Smoots paid to secure a money award in the third-party tort action. *See* VA. CODE 65.2–311. Under the Workers' Compensation Act, a worker is not required to bear the full financial burden of recovering common law tort damages that will benefit the compensation carrier. *See id.; Wood*, 444 S.E.2d at 8. Although Michigan Mutual is proceeding in equity and not under the Workers' Compensation Act, Michigan Mutual asserts the policy against double recovery underlying the Act as the basis of its claim. Moreover, the policy of requiring a party to pay for the advantage of having someone else argue the party's claim for its benefit applies as equally to reimbursement sought in equity as to reimbursement obtained by statute. Therefore, for both, "an [insurance carrier]

who benefits from an employee's third-party tort settlement, by recouping or being relieved of paying worker's compensation benefits, is required by Code § 65.2–311 to pay its *pro rata* share of a claimant's reasonable expenses and attorney's fees in effecting the recovery." *See Wood,* 444 S.E.2d at 8 (citing *Circuit City Stores, Inc. v. Bower,* 243 Va. 183, 413 S.E.2d 55, 56 (1992)). Thus, in the event that Michigan Mutual receives an award for reimbursement, that award will be reduced by 35%, the percentage of the tort award that the Smoots paid in attorney's fees and costs.

■ The Court also grants the Smoots' motion for summary judgment, thereby denying Michigan Mutual's motion for summary judgment, as to the impropriety of imposing a constructive trust. As an initial matter, the Smoots are incorrect in contending that Michigan Mutual may not pursue the remedy of a constructive trust because Michigan Mutual did not exercise its subrogation rights under the Workers' Compensation Act. The cases cited by the Smoots, *Belcher and Marriott,* state that a party may not pursue at equity an action that is barred at law. *See Belcher v. Kirkwood,* 238 Va. 430, 383 S.E.2d 729, 731 (1989); *Marriott v. Harris,* 235 Va. 199, 368 S.E.2d 225, 231 (1988). As this Court explained in its December 22, 2000 Memorandum Opinion, although a workers' compensation carrier should exercise its subrogation rights in order to have a statutory right of reimbursement, a carrier still has a right to reimbursement under Virginia law in equity. The statute's provision of a means by which the carrier could protect its right of reimbursement is not the equivalent to a statutory bar on the carrier's attempt to seek reimbursement outside of the statute. Moreover, contrary to the Smoots' assertion, Michigan Mutual may seek a con-structive trust because, at this stage, Michigan Mutual does not have an alternative remedy at law. Michigan Mutual could not have sought reimbursement from Wayne Smoot at law because the workers' compensation statute provides only for a workers' compensation carrier to seek reimbursement from a third-party tortfeasor, not from the worker himself. *See* VA. CODE §§ 65–2.309, –310.

■ Yet, despite the general propriety of a compensation carrier's seeking a constructive trust in conjunction with an unjust enrichment claim, *see Cooper v. Cooper,* 249 Va. 511, 457 S.E.2d 88, 91–92 (1995), the Court holds that a constructive trust is not an appropriate remedy under the circumstances of this case. In order to impose a constructive trust, the Court must be able to trace the tort action award to assets presently owned by Smoot. *See Crestar Bank v. Williams,* 250 Va. 198, 462 S.E.2d 333, 335 (1995) ("[I]n order to be entitled to the benefit of a constructive trust, a claimant's money must be 'distinctly traced' into the chose in action, fund, or other property which is to be made the subject of the trust."); *Watts v. Newberry,* 57 S.E. 657, 659 (Va.1907). Michigan Mutual has not provided any evidence that the tort action award can be traced to the Smoots' property, nor more specifically to Wayne Smoot's property. *See, e.g., Crestar Bank,* 462 S.E.2d at 335 (stating that the evidence required to establish constructive trust must be clear and convincing); *Cooper v. Cooper,* 457 S.E.2d at 92 (same). Consequently, only a monetary judgment is appropriate in this case.

The Court denies the Smoots' motion for summary judgment on the affirmative defenses of lack of vigilance, statute of limitations, and laches. On the facts before the Court, the Court holds that the Smoots have not shown that Smoot is entitled to

judgment as a matter of law on any of these defenses.

First, the Court finds that Michigan Mutual has been vigilant in seeking reimbursement of the benefits it paid Smoot. Michigan Mutual has diligently pursued recovery of the benefits with the Workers' Compensation Commission and the courts since the Smoots settled their third-party tort action. Even now, the Virginia Court of Appeals is still considering this matter.

■ Second, the Court finds that the statute of limitations has not run in this action. The statute of limitations begins to run when an action accrues. In this case, Michigan Mutual's cause of action for unjust enrichment did not accrue until Smoot was arguably unjustly enriched, in other words, when Smoot was in receipt of two monetary awards for the same injury. Smoot did not settle his third-party action for a monetary award until June 22, 1998. Michigan Mutual filed this action on June 21, 2000. Therefore, Michigan Mutual filed within the two-year statute of limitations set for actions that do not otherwise have a limitation prescribed. *See* VA. CODE § 8.01–248 (Michie 2000).[1]

■ Finally, the Court finds that the Smoots' laches defense fails. In order to prevail on laches, Smoot must show two things: (1) neglect or failure to assert a known right or claim for an unexplained period of time, (2) the delay has prejudiced the adverse party. *See Princess Anne*

*Hills Civic League, Inc. v. Susan Constant Real Estate Trust*, 243 Va. 53, 413 S.E.2d 599, 602 (1992); *Marshall v. Meadows*, 921 F.Supp. 1490, 1493 (E.D.Va.1996) (stating elements as (1) lack of diligence by the party against whom the defense is asserted, meaning an inexcusable or unreasonable delay, and (2) prejudice to the party asserting the defense). Under the first prong, the delay in bringing the claim must be of the kind that warrants the presumption that the claimant has abandoned his claim. *See, e.g., Taylor v. Taylor*, 14 Va.App. 642, 418 S.E.2d 900, 903 (1992). Under the second prong, the prejudice felt by the adverse party must be prejudice as a result of the claimant's delay in bringing the claim (e.g., loss of evidence for litigation, death of a witness). *See* 7A MICHIE'S JURISPRUDENCE OF VIRGINIA AND WEST VIRGINIA, Equity § 28, at 268 (LEXIS 1998). "Where the way is still open to a full and fair ascertainment of all the facts in spite of a lapse of time the doctrine of laches does not apply." *Id.* § 30, at 272. As stated above, Michigan Mutual did not lack diligence in pursuing its claim against the Smoots. Michigan Mutual's actions before the Workers' Compensation Commission, and now the Virginia Court of Appeals, demonstrate that the Smoots could not have thought that Michigan Mutual was abandoning its claims for reimbursement. In addition, the Smoots have not alleged that any delay in bringing this suit has

---

1. Michigan Mutual cites *Belcher v. Kirkwood* for the proposition that a three-year statute of limitations applies to equity settings where one is under an obligation to pay money, 238 Va. 430, 383 S.E.2d 729, 731 (1989). *Belcher* does not stand for this proposition. Although, like here, *Belcher* involved a demand in equity for the repayment of money, the court did not hold that these kinds of suits uniformly are subject to a three-year statute of limitations. The court applied a three-year statute of limitations because "in respect to the statute of limitations, equity follows the law." *Belcher*, 383 S.E.2d at 731. The transfer of money occurred in *Belcher* as a result of an oral contract, and the plaintiff initially tried to sue at law under the oral contract. Therefore, the three-year statute of limitations that applied at law to oral contracts also applied in equity to the unjust enrichment claim. *See id.* There is no general rule that unjust enrichment claims for the repayment of money are governed by a three-year statute of limitations.

resulted in prejudice to their ability to defend against this suit.

■ The Court also denies both parties' motions for summary judgment on the substance of the unjust enrichment claim. The Court finds that there is a genuine issue of material fact as to whether Wayne Smoot was "unjustly enriched" by accepting both the workers' compensation award and the third-party settlement without reimbursing Michigan Mutual. Michigan Mutual bears the burden of proving its claim that Defendant W. Smoot was unjustly enriched. Michigan Mutual argues that Smoot has been unjustly enriched because he has twice received an award for injuries sustained at work. Smoot argues that he has actually lost money by settling the tort action without Michigan Mutual's consent and refusing to reimburse Michigan Mutual. Smoot asserts that he has sacrificed compensation benefits related to the injury at issue, lifetime medical benefits from Michigan Mutual, and Social Security set-offs by settling the case outside of the procedure outlined by the Workers' Compensation Act. See Safety–Kleen Corp. v. Van Hoy, 225 Va. 64, 300 S.E.2d 750, 753 (1983). "Having unilaterally deprived the employer and carrier of their statutory right to seek full reimbursement from the third party, [Wayne Smoot] has therefore also eliminated his own statutory right to further compensation." Id. Arguably, the amount in lifetime medical benefits and social security set-offs for a 48 year-old man would exceed the benefit of retaining the $162, 587.57 that should have been reimbursed to the compensation carrier. Relatedly, it is arguable that Michigan Mutual is better off not having to pay Smoot future medical benefits than it would have been had Smoot just reimbursed Michigan Mutual. This issue of fact remains and must be resolved by the trier of fact.

■ Finally, the Court also denies Michigan Mutual's motion for summary judgment on the issue of attorney's fees. Michigan Mutual argues that the Court should award Michigan Mutual attorney's fees for the instant action. Virginia follows the American Rule on attorney's fees, which provides that "in the absence of a statute or contract to the contrary, a court may not award attorney's fees to the prevailing party." Russell County Dep't of Soc. Servs. v. O'Quinn, 259 Va. 139, 523 S.E.2d 492, 493 (2000). There is no statute that states that a compensation carrier suing an insured to secure reimbursement for benefits paid is entitled to attorney's fees. Nor have Michigan Mutual and Smoot contracted for attorney's fees. Therefore, as a matter of law, Michigan Mutual is not entitled to attorney's fees for this action.

Michigan Mutual cites Sheris v. Travelers Ins. Co. to support Michigan Mutual's argument that it is entitled to attorney's fees for this action, but Sheris is distinguishable from this case. 491 F.2d 603 (4th Cir.1974). Like this case, the worker [2] in Sheris disputed the workers' compensation carrier's right to receive reimbursement out of a third-party action. 491 F.2d at 605. The Industrial Commission held that the insurance carrier's rights were subrogated to the worker's rights against the third-party; therefore, the carrier was entitled to reimbursement out of the third-party recovery. See id. The carrier argued that it should not have to pay attorney's fees for the third-party action because the carrier had incurred attorney's fees independently as a result of the worker's opposing the carrier's right of subrogation. The Sheris court held that

---

**2.** In Sheris, the party seeking to avoid reimbursing the workers' compensation insurance carrier was actually the decedent worker's estate. 491 F.2d at 604.

**814**

the carrier had to pay its *pro rata* share of attorney's fees incurred litigating the third-party action, but that the carrier's share would be reduced by the amount the carrier expended in defending its subrogation right. *See id.* at 607–08. *Sheris* differs from the situation here because the carrier in *Sheris* exercised its subrogation rights in accordance with the Workers' Compensation Act. The court factored in the carrier's independently-incurred attorney's fees when calculating the carrier's share of fees for the third-party action because the carrier acted to defend a right granted by statute. *See id.* at 608 (stating that by deducting from the third-party action fees the fees incurred because of the worker's adversary position, the court upheld the mandate of the apportionment statute requiring that the interests of both parties be fully observed). Here, the plaintiff is not litigating to secure monies protected by statute. Unlike the carrier in *Sheris,* Michigan Mutual did not exercise its right of subrogation and intervene in the third-party action. Therefore, this action is completely independent of the third-party action and the distribution of the proceeds of that action. Using Michigan Mutual's words, by failing to intervene, Michigan Mutual has "made its bed and now must lie in it." For these reasons, Michigan Mutual is not entitled to attorney's fees for this action.

Accordingly, the Court holds in total that (1) Debbie Smoot has not received a double recovery, and so is not subject to suit for unjust enrichment; (2) Wayne Smoot cannot defeat Michigan Mutual's claim for unjust enrichment using the defenses of lack of vigilance, laches, and the statute of limitations; (3) a constructive trust is not an appropriate remedy in this case because Michigan Mutual cannot trace the Smoots' tort award to Wayne Smoot's assets; (4) because of the future benefits Smoot has sacrificed, a material

issue of fact remains as to whether Smoot has been unjustly enriched; (5) the Court must reduce any judgment Michigan Mutual is awarded by a percentage representative of Michigan Mutual's share of attorney's fees for the Smoots' third-party action; and (6) Michigan Mutual is not entitled to attorney's fees for the instant action. Thus, the parties' motions for summary judgment are granted in part and denied in part.

The Clerk is directed to forward a copy of this Order to counsel of record.