# Irvin Wade Belcher

## v.

# Virginia L. Kirkwood

Record No. 880483

September 22, 1989

Present: All the Justices

*Raymond R. Robrecht* for appellant.

*Michael S. Ferguson (Osterhoudt, Ferguson, Natt, Aheron & Agee, P.C.,* on brief), for appellee.

Justice Whiting delivered the opinion of the Court.

In this case, we decide whether the three-year statute of limitations for oral contracts bars certain claims for the recovery of monies on a theory of unjust enrichment.

In 1978, Irvin Wade Belcher, who was married to another, moved into Virginia L. Kirkwood's home and became her lover. At various times while they were living together, Kirkwood transferred money to Belcher. The sums involved in this appeal are in the amounts and were transferred on the dates which follow: $1,000.00 - September 27, 1982; $1,200.00 - October 19, 1982; $7,000.00 - December 2, 1982; $2,497.34 - October 26, 1983; and $1,646.97 - June 7, 1984. On October 26, 1983, Belcher signed a demand note bearing that date evidencing his agreement to repay $14,429.14 for other transfers made by Kirkwood.

Belcher left Kirkwood's home in the fall of 1986. Thereafter, on November 26, 1986, Kirkwood filed an action at law against Belcher seeking to recover the monies she had transferred to him. Kirkwood's motion for judgment alleged that Belcher, "by playing on the emotions of the Plaintiff and making promises of marriage, urged, coerced and frauded [sic] the Plaintiff into making loans of substantial sums of money to him." Belcher filed a number of responsive pleadings, including a plea of the statute of limitations. Later, on Kirkwood's motion, without objection by Belcher, the court transferred the case from its law side to its equity side pursuant to Code § 8.01-270. None of the pleadings was amended after the transfer.

Following an *ore tenus* hearing on December 23, 1987, the circuit court found that: (1) laches barred Kirkwood's recovery of other funds she transferred to Belcher in 1980 and 1981; (2) Kirkwood had not proved that Belcher obtained money from her by fraud;[1] but (3) that Kirkwood should recover the amounts listed earlier because Belcher was unjustly enriched by his retention of those funds. We granted Belcher this appeal.

■ We find no merit in Belcher's first contention that public policy precluded enforcement of Kirkwood's claims because the monies were paid in return for his agreement to cohabit illicitly with Kirkwood. Neither party testified to such an agreement, and our review of the record discloses insufficient evidence to give rise to such an inference.

If his first contention has no merit, Belcher concedes that Kirkwood is entitled to recover the amounts due on the October 26, 1983 note of $14,429.14 and the loan of $1,646.97 made on June 7, 1984. Belcher contends, however, that the statute of limitations bars the enforcement of the balance of Kirkwood's claims.

■ On the other hand, Kirkwood asserts that her claims are not legal ones subject to the statute of limitations, but solely equitable claims based on the doctrine of unjust enrichment, subject instead to the defense of laches. She contends, moreover, that the trial court correctly held that laches did not apply to her 1982 and 1983 transfers, even though they were made more than three years before this action was commenced. For the reasons which follow, we find no merit in Kirkwood's argument.

Although this case is now a suit in equity, Kirkwood's claims are cognizable at law, even if based on the theory of unjust enrichment. In a case in which we permitted a recovery at law for money paid under a mistake of fact, we quoted Lord Mansfield's decision in the law action of *Moses* v. *Macferlan*, 2 Burrow 1005, 1012 (1760):

> This kind of equitable action, to recover back money, which ought not in justice to be kept, is very beneficial, and therefore much encouraged. It lies only for money which, *ex aequo et bono*, the defendant ought to refund . . . . [I]t lies for money paid by mistake; or upon a consideration which

---

[1] Kirkwood disavows any intent to recover based on Belcher's promises of marriage, and our review of the record indicates no evidence of coercion of Kirkwood by Belcher.

happens to fail; or for money got through imposition (express, or implied); or extortion, or oppression, or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under those circumstances. In one word, the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money.

*Robertson* v. *Robertson*, 137 Va. 378, 381-82, 119 S.E. 140, 140-41 (1923).[2] *See Kern* v. *Freed Co.*, 224 Va. 678, 680-81, 299 S.E.2d 363, 364-65 (1983).

■ "It is a well-established principle uniformly acted upon by courts of equity, that in respect to the statute of limitations equity follows the law; and if a *legal demand* be asserted in equity which at law is barred by statute, it is equally barred in equity." *Sanford* v. *Sims*, 192 Va. 644, 649, 66 S.E.2d 495, 498 (1951) (emphasis added); *see also, Marriott* v. *Harris*, 235 Va. 199, 212-13, 368 S.E.2d 225, 231 (1988). Therefore, the statute of limitations applicable to oral contracts bound the trial court in its ruling on the defense of laches.

■ Where there is no agreed repayment date of an alleged obligation to repay money, as in this case, it is deemed to be payable on demand. *McComb* v. *McComb*, 226 Va. 271, 282, 307 S.E.2d 877, 883 (1983). Thus, Kirkwood's claims for the repayment of any transfers made before November 26, 1983, are barred by the statute of limitations applicable to oral contracts, because those obligations were incurred more than three years prior to the time Kirkwood filed this action. Code § 8.01-246(4); *see Harbour Gate Owners' Association* v. *Berg*, 232 Va. 98, 106, 348 S.E.2d 252, 257 (1986).

For the foregoing reasons, we will affirm the judgment insofar as it awarded a recovery of $14,429.14 on the note, and $1,646.97 on the transfer of June 7, 1984, with interest at the judgment rate from December 23, 1987, and costs incurred in the lower court. We will reverse that part of the judgment allowing a recovery of the balance of the claims, totaling $11,697.34, and enter final judgment here.

*Affirmed in part, reversed in part,
and final judgment.*

---

[2] *Robertson* omitted the words "and equity" from the *Moses* quotation.