# GALLOWAY CORPORATION

## v.

# JAMES W. WISE, ET AL.

Record No. 911743

September 18, 1992

Present: All the Justices

*Robert D. Seabolt (Judith M. Cofield; Shuttleworth, Ruloff, Giordano & Kahle*, on brief), for appellant.

*Robert G. Jones* for appellee James W. Wise.

No brief or argument on behalf of Lawyers Title Insurance Company.

JUSTICE LACY delivered the opinion of the Court.

In this appeal we consider whether the trial court properly determined that, under the terms of an oral contract for the loan of money, no default had occurred because the time for repayment had not yet accrued.

The contract in issue is an oral agreement between Paul A. Galloway, president and sole owner of Galloway Corporation (Galloway), a construction company, and James W. Wise, while he was a construction superintendent for the corporation. Galloway provided Wise with a loan of $127,000 to pay for renovations Wise made to his residence. The repayment agreement contemplated that the loan would be repaid from Wise's bonuses and salary from Galloway, and, if Wise sold the property, the proceeds from the sale would be used to retire the unpaid balance of the debt.

Wise received the last installment of the $127,000 loan in November 1989. On March 6, 1990, Galloway terminated Wise's employment. Wise had not repaid any part of the debt and, on October 24, 1990, Galloway filed this action seeking a judgment against Wise for $127,000 plus prejudgment interest. Galloway also alleged that Wise had engaged in fraudulent acts and sought the imposition of a constructive trust.

After an *ore tenus* hearing, the trial court found that there was no evidence that Wise had engaged in any fraud. The court further found that Wise had not breached the agreement because "the agreed time of payment has not arisen." Accordingly, the trial court dismissed Galloway's bill of complaint without prejudice.

On appeal, Galloway argues, as it did in the trial court, that the contract spoke only to the sources of repayment of the loan — bonus, salary, and proceeds from the sale of the property — not to

the time for repayment. Galloway urges that, where as here the agreement is for the repayment of money, the time for repayment is on demand in the absence of an agreed time for repayment.* *Belcher* v. *Kirkwood*, 238 Va. 430, 433, 383 S.E.2d 729, 731 (1989).

However, both Wise and Mr. Galloway testified that *if* Wise sold the house, the loan would be repaid at that time. This evidence supports the trial court's finding of fact that the agreement was not silent as to the time for repayment, and the sale of the house "triggers the point in time when he owed the money." Consequently, the trial court held that Wise had not defaulted on the loan contract because the house had not been sold. Under well-established case law, we will not reverse findings of fact made by a trial court unless they are plainly wrong or without evidence to support them. *Carter* v. *Carter*, 223 Va. 505, 508-09, 291 S.E.2d 218, 220 (1982).

Finally, there is no basis for imposing a constructive trust on Wise's title to the property or on the proceeds from the sale of the property. A constructive trust is imposed by construction of law to prevent fraud or unjust enrichment. *Richardson* v. *Richardson*, 242 Va. 242, 245-46, 409 S.E.2d 148, 150-51 (1991). Other than Galloway's allegations of fraud in its pleadings, there is nothing in the record to support a finding that Wise engaged in any fraudulent conduct or that Wise would be unjustly enriched absent the imposition of a constructive trust in favor of Galloway. As stated by Wise's counsel, the dismissal of Galloway's bill of complaint without prejudice preserves Galloway's ability to assert available remedies should Wise default on the contract when the house is sold.

Finding no error, we will affirm the judgment of the trial court.

*Affirmed.*

---

* Alternatively, Galloway argues that if the agreement is one to sell the house, the law implies a promise to perform within a reasonable time. *Young* v. *Ellis*, 91 Va. 297, 301, 21 S.E. 480, 482 (1895).