## CIRCUIT COURT OF LOUDOUN COUNTY

Primrose Development Corp. et al.

v.

Benchmark Acquisition Fund I, L.P.

October 29, 1998

Case No. (Law) 19161

BY JUDGE JAMES H. CHAMBLIN

This cause is before the Court on the Defendant's Plea in Bar to Count II of the First Amended Motion for Judgment. Count II is an unjust enrichment claim which the Defendant asserts is barred by the applicable three-year statute of limitations. Upon consideration of the record and argument of counsel on October 2, 1998, the Plea in Bar is overruled for the reasons that follow.

The overall events giving rise to this litigation are not in dispute. In March of 1990, the developers of the Cascades subdivision entered into a Master Cable Television Cascades Service Agreement ("cable agreement") with Defendant Benchmark Acquisition Fund I, Limited Partnership ("Benchmark"), giving Benchmark, *inter alia*, the right to install and operate a cable television system in the Cascades subdivision and the exclusive right to provide cable service to the residents of the subdivision. In exchange, Benchmark agreed to install and operate such a system, reimburse the developers for their cost in constructing conduits through which the cable would run under public roads and driveways, and to pay the developers a fee of $260.00 for each new occupied residential unit passed by the cable system. A residential unit was considered "passed" once a main cable line had been installed along the street adjacent to that unit. The unit fee was to increase by ten percent each year and was payable within thirty days of the end of each quarterly period for those new units that had been occupied and provided with the appropriate access to cable during the previous quarter.

In September of 1990, the original developers of the Cascades subdivision assigned their respective rights and obligations under the cable agreement to

the Plaintiffs herein, Primrose Development Corporation ("Primrose") and Bondy Way Development Corporation ("Bondy Way"). Benchmark apparently made all appropriate payments to the Plaintiffs under the terms of the cable agreement through the quarter ending March 31, 1994, but has made, according to the First Amended Motion for Judgment, no such payments since then. Beginning with the quarter ending June 30, 1994, and continuing through the quarter ending March 31, 1997, Benchmark allegedly accumulated an indebtedness totaling $935,101.00 in quarterly unit fees owed to the Plaintiffs and $28,318.00 in unpaid reimbursements for the Plaintiffs' conduit construction costs.

The Plaintiffs filed a Motion for Judgment against Benchmark on May 19, 1997, asserting a claim for breach of contract. Benchmark subsequently filed Affirmative Defenses and Counterclaims seeking to have the cable agreement rescinded or adjudged unenforceable. On December 29, 1997, Primrose and Bondy Way filed, with leave of this Court, a First Amended Motion for Judgment, adding Count II, a claim for unjust enrichment. The Plaintiffs assert that regardless of the cable agreement's enforceability, they may recover against Benchmark for the rights, goods, and services provided by them to Benchmark in connection with the installation and operation of the cable television system in Cascades. Otherwise, they contend, Benchmark is unjustly enriched at the Plaintiffs' expense. Thereafter, Benchmark filed the instant Plea in Bar to Count II of the First Amended Motion for Judgment.

Turning to that plea of the statute of limitations, neither side disputes that the Plaintiffs' claim for unjust enrichment, although a claim in equity, is subject to the statute of limitations; nor that, pursuant to Virginia Code § 8.01-246(4), the statute of limitations that is to be applied is three years. *See Belcher v. Kirkwood*, 238 Va. 430, 432, 433 (1989); *Tsui v. Sobral*, 39 Va. Cir. 486, 488 (Fairfax 1996); *see generally, Po Water and Sewer v. Indian Acres Club*, 255 Va. 108, 114 (1998) (holding that equity will effect a contract implied in law to avoid unjust enrichment); *Harbour Gate Owners' Assn. v. Berg*, 232 Va. 98, 106 (1986) (holding that a contract implied in law is governed by the three-year statute of limitation of Code § 8.01-246(4)).

The parties to this matter differ, however, on the question of when the statute of limitations started to run. The Defendant argues that the Plaintiffs' unjust enrichment claim accrued in September 1990 when the Plaintiffs first conferred the alleged benefits on Benchmark, i.e., when Benchmark first exercised its right to run cable television lines in the Cascades development. The Plaintiffs contend that their cause of action did not accrue until July 30, 1994, when Benchmark failed for the first time to pay the fees and conduit construction costs that were due pursuant to the cable agreement.

"A cause of action is the operative set of facts giving rise to a right of action. It accrues when a wrongful act or breach of duty occurs, even though actual damage may not occur until a later date." *Harbour Gate Owners' Assn.*, 232 Va. at 105. The requirements for relief under the doctrine of unjust enrichment are as follows:

(1) One party has conferred a benefit by rendering services or expending properties on the other;

(2) This person has a reasonable expectation of being compensated;

(3) The benefits were conferred at the express or implied request of the person receiving them; and

(4) If the defendant is allowed to retain the benefits without compensating the plaintiff, he would be unjustly enriched.

The Court is of the opinion that a cause of action for unjust enrichment accrues when the unjust enrichment of the defendant actually occurs; that is, at the moment the expected compensation is not paid. There is no breach of the contract implied in law prior to that moment.

In this case, Benchmark's enrichment became unjust only when Benchmark stopped making the expected payments to the Plaintiffs for the benefits they conferred on the Defendant. The first agreed payment date that passed without payment being made by Benchmark was July 30, 1994. Prior to July 30, 1994, Benchmark had paid in accordance with the cable agreement those sums that were expected for the benefits conferred on it by the Plaintiffs. Hence, the Plaintiffs could make no demand for unpaid compensation prior to July 30, 1994. It was only then that the unit fees and the reimbursement for the Plaintiffs' conduit construction costs for the previous quarter became due and went unpaid. Thus, the Plaintiffs had no unjust enrichment cause of action until July 30, 1994. Accordingly, the Court finds that the Plaintiffs' claim for unjust enrichment accrued to the Plaintiffs on July 30, 1994, at which time the statute of limitations started to run.[1]

To withstand Benchmark's plea of the statute of limitations, the Plaintiffs' claim for unjust enrichment must therefore have been brought within three

---

[1] Having made such a determination, the Court would also note that by the same token, the Plaintiffs may make no claim under a theory of unjust enrichment for compensation for any benefits rendered by them to the Defendant prior to April 1, 1994. April 1, 1994, marks the beginning of the quarter for which the Plaintiffs were not allegedly paid for the benefits they provided Benchmark. There are no allegations that any compensation is owed to Primrose and Bondy Way by Benchmark for services or rights rendered prior to that day. Furthermore, any unjust enrichment that occurred prior to April 1, 1994, would be time barred.

years of July 30, 1994. The suit itself was commenced on May 19, 1997; however, the First Amended Motion for Judgment, which introduced Count II, was not filed until December 29, 1997. The Plaintiffs assert that their unjust enrichment claim was timely filed in that it relates back to the filing of the original Motion for Judgment, pursuant to Virginia Code § 8.01-6.1.

The Court agrees. The claim asserted in Count II of the First Amended Motion for Judgment arose out of the same "conduct, transaction, or occurrence" set forth in the original Motion for Judgment, Primrose and Bondy Way were "reasonably diligent in pleading the amended claim," and Benchmark will not be "substantially prejudiced in litigating on the merits as a result of the timing of the amendment." Virginia Code § 8.01-6.1.

Therefore, as it was brought no later than three years from July 30, 1994, Count II is not time barred.