## CIRCUIT COURT OF FAIRFAX COUNTY

Diana E. Mains,
Executor of the
Estate of Fran King

v.

Teri Tyson

January 13, 2000

Case No. (Law) 177965

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court for trial on November 17 and 18, 1999. At the conclusion of the evidence, a motion to strike remained under advisement, and the parties were instructed to submit closing arguments (to include addressing the motion to strike) in writing. Upon request of counsel, the times set for the filing of the arguments were extended, recognizing that this would delay a ruling to mid-January 2000.

All arguments having been received and reviewed, the Court makes the following findings of fact and conclusions of law.

### Statute of Limitations

The plaintiff seeks to recover $126,036.85 from the defendant on the grounds that these funds were loaned to the defendant over a span of years by the plaintiff's decedent, Fran King. The defendant, while denying that the funds in question were loans rather than gifts, asserts that the plaintiff is barred by the three-year statute of limitations from recovery of any sums paid prior to March 19, 1995. The Court concurs.

The funds in question are alleged to have been loaned at various times pursuant to an oral agreement made sometime in 1989. On each occasion a

check was written to, or for the benefit of, the defendant. There were no promissory notes executed on any of these transactions. Suit was initially filed to recover these funds on March 20, 1998. While it is agreed that the three-year statute of limitations applies, the controlling issue is the time the cause of action accrues.

The plaintiff contends that the agreement should be viewed as one to provide financial assistance so long as the defendant needs it, and accordingly, there is no accrual of a cause of action "until the termination of the undertaking" or the death of Mrs. King. This ignores the evidence of the nature of the "agreement" and the conduct of the parties. In the light most favorable to the plaintiff, Mrs. King loaned the defendant funds as and when they were needed with the understanding that they would be repaid when she received real estate commissions. As argued by the plaintiff, the defendant did make repayments after receiving commissions. The Court finds that, at best, there was an agreement to repay funds at an unspecified time as to each transaction. By definition, therefore, each transaction is an agreement to repay on demand. *McComb v. McComb*, 226 Va. 271 (1983).

Once these transactions have been classified as obligations payable on demand, it is clear that the cause of action on each check accrued as of the date it was issued. *Belcher v. Kirkwood*, 238 Va. 430 (1989).[1] All claims arising on or before March 19, 1995, are time barred.

Lastly, the Court finds no evidence of words or conduct by the defendant which would support a plea of equitable estoppel. Accordingly, the motion to strike the plaintiff's claims for recovery of funds loaned on or before March 19, 1995, is granted.

### Dead Man's Statute

Section 8.01-397 of the Virginia Code provides:

In an action by or against a person who, from any cause, is incapable of testifying, or by or against the ... executor ... of the person so incapable of testifying, no judgment or decree shall be rendered in favor of an adverse or interested party founded on his uncorroborated testimony ... .

---

[1] It is interesting to note that had the alleged loans been reduced to promissory notes, a different rule of accrual might have been applied. Section 8.3A-118 changed the common law rule, and the rule under prior § 8.3-122, to provide the date of demand as the time from which the Statute of Limitations would commence to run on a demand note.

The defendant contends that the plaintiff has failed to offer corroboration for the allegations and testimony of the plaintiff, and thus the motion to strike the entire case of the plaintiff must be granted. The Court does not agree.

In the arguments, the parties focus on who is the "interested party" and who has the duty to provide the higher degree of corroboration. The Court chooses to focus on the corroboration contained in the evidence. As the defendant suggests, the evidence did show that Mrs. King was fond of the defendant and that Mrs. King was a generous person. It also established that Mrs. King regularly made notations on her checks and in her register, some stating "loan" and some stating the defendant's name. In addition, the evidence demonstrated repayments from the defendant as funds became available. The defendant even referenced one such payment as a "reimbursement."

The testimony of Mr. Cummings, while lacking in detail on the dates and amounts of any alleged loans, clearly reflected an understanding that these were loans, not gifts. Statements by Mrs. King to him included assurances that the defendant would repay her when the defendant's sales commissions came through and that the defendant was due to close a number of deals and would "pay her back."

The evidence as a whole contains numerous points which assure that no judgment in this action would be founded upon the uncorroborated testimony of an interested party. The motion to strike on this ground is denied.

## Case in Chief

It is recognized that a third ground for a motion to strike, insufficient specification of damages, has not been addressed. The Court finds this motion to have been incorporated in the closing argument, and it will be examined as part of the final ruling.

## A. *Liability*

"It is well settled that the law does not presume a gift, and where a donee claims title to personal property by virtue of a gift, the burden of proof rests upon him to show every fact and circumstance necessary to constitute a valid gift by clear and convincing evidence." *Grace v. Virginia Trust Co.*, 150 Va. 56 (1928); *King, Ex'x v. Merryman, Adm'x*, 196 Va. 844 (1955); *Rust v. Phillips*, 208 Va. 573 (1968). This principle of the common law controls the decision in this case.

The Court finds that the plaintiff has established that Mrs. King advanced funds to the defendant with a mutual understanding that the funds were to be repaid. The evidence was credible and corroborated. The defendant asserted that the funds were gifts; however, her testimony was contradicted by the records and the parties' actions, and the Court is not persuaded.

Accordingly, the Court rules that each check constituted a loan to be repaid at an unspecified future time and constitute obligations due upon demand. Demand for payment was made (formally) by letter dated March 10, 1998, establishing a due date of March 16, 1998. Suit demanding repayment was filed on March 20, 1998. Judgment in favor of the plaintiff is warranted.

## B. *Damages*

Having established liability, the plaintiff must go forward to establish the amount of damages. The Court has weighed the evidence and finds the plaintiff to have proven loans totaling $61,712.20. In reaching this figure, the Court specifically rejects the defendant's claim that the First Card payments were the obligation of Mrs. King as not supported by credible evidence. In addition, the figure does not include payments for "T.R.O.A." as the plaintiff failed to prove by a preponderance of the evidence that these were loans to the defendant.

The foregoing figure is prior to credits due the defendant for reimbursements. The Court finds repayments during the same period to total $11,857.03, noting that the March 31, 1995, reimbursement was for a loan predating the limitations cut-off date.

## Conclusion

Judgment is granted in favor of Diana E. Mains, Executor for the Estate of Fran King, and against Teri Tyson in the sum of $49,855.17, with interest at the judgment rate from March 16, 1998, as claimed in Count I of the Amended Motion for Judgment. Having found that there were enforceable oral argreements, the claim for unjust enrichment is dismissed. The claim for punitive damages under Count III is also denied.