## CIRCUIT COURT OF LOUDOUN COUNTY

Geraldine Tsilis

v.

Earl P. Wade

April 16, 2002

Case No. (Law) 20793

BY JUDGE JAMES H. CHAMBLIN

At the conclusion of the bench trial in this case on April 3, 2002, I found in favor of the Plaintiff, Geraldine Tsilis, on the Counterclaim filed by the Defendant, Earl P. Wade. Ms. Tsilis' claims for breach of oral contract and breach of implied contract were taken under advisement.

After consideration of the evidence and the argument of counsel, I find that Ms. Tsilis' claims are barred by the three-year statute of limitations applicable to unwritten contracts.

### Findings of Fact

The evidence presented during the trial was conflicting. I make the following findings of fact from the evidence.

On seventeen different occasions between November 1993 and January 1995, Ms. Tsilis loaned to Mr. Wade a total of $40,700.00. Mr. Wade's brother paid $1,500.00 toward the indebtedness in January 1995. Mr. Wade himself paid a total of $23,400.00 toward the debt on four occasions, in March 1995, October 1995, November 1995, and May 1996. The dates and amounts of the individual loans, as well as the dates and amounts of the payments, are set forth in Plaintiff's Exhibit 1. All the loans were non-interest bearing.

There was never any discussion about when the loans would be repaid until some time before February 1995, when Ms. Tsilis told Mr. Wade he could repay the loans when he settled on the permanent loan on the house he was building. The loans were made to help Mr. Wade in the construction of the house.

Mr. Wade settled on his permanent loan on February 24, 1995. Ms. Tsilis became aware that he had done so because, in March 1995, Mr. Wade paid $20,000.00 on the debt to Ms. Tsilis.

Mr. Wade made his last payment on the loans to Ms. Tsilis on May 18, 1996. At that time, Mr. Wade was building decks for others. Ms. Tsilis' deck at her residence needed repair. Ms. Tsilis testified that she reached an oral agreement with Mr. Wade for him to repair her deck with Mr. Wade's labor being credited to the amount that he owed to her on the loans. She also testified that the loans were to be paid in full, in any event, within one year of May 1996. However, no evidence was presented that the parties ever agreed on how to calculate the monetary amount to be credited on the loans for Mr. Wade's labor. Mr. Wade testified that he did do some repair work on Ms Tsilis' deck but that he did not finish. Mr. Wade's claim of $1,200.00 for the repair work he performed is a part of his counterclaim. Mr. Wade testified that he never agreed to extend the time for repaying Ms. Tsilis. She testified that she never agreed to pay Mr. Wade $1,200.00 for the repair work.

Ms. Tsilis filed her motion for judgment on May 7, 1998.

### Conclusion of Law

If, when money is loaned without a written contract or note and there is no agreed upon repayment date, then it is deemed to be payable on demand. *McComb v. McComb*, 226 Va. 271, 282, 307 S.E.2d 877 (1983). The statute of limitations on an unwritten contract, express or implied, is three years. Va. Code § 8.01-246(4). The right of action accrues and the statute of limitations begins to run on a demand obligation at the time the money is loaned.

The first loan to Mr. Wade was made in November 1993 and the last in January 1995. Therefore, because the motion for judgment was filed in May 1998, more than three years after the date on which any single loan was made, the claims are barred by the three-year statute of limitations.

The claims would be time barred even if the agreed upon repayment date of the loans was found to be the date that Mr. Wade settled on his permanent loan. He settled on his permanent loan in February 1995, more than three years before Ms. Tsilis filed her motion for judgment.

As stated above, whether each individual loan is considered to be payable on demand under McComb or whether the parties agreed that all the loans would be due and payable when Mr. Wade settled on his permanent loan on February 24, 1995, Ms. Tsilis' claims are time barred because she did not file her motion for judgment until May 7, 1998. Therefore, Ms. Tsilis' claim is not time barred, but only if the three year statute of limitations started to run on May 18, 1997, under the new agreement that she asserts the parties reached on May 18, 1996.

I do not find from the evidence that the parties reached an agreement concerning repayment of the loans in May 1996. I do not find Ms. Tsilis to be any more credible than Mr. Wade. He denies that he ever agreed to extend the time for repayment of the loan. Mr. Wade agrees he was to repair her deck, but he was to be paid for his work. Finally, an essential term of the agreement to extend payment was not agreed upon, how much would be applied to the loans for Mr. Wade's labor in repairing the deck.

Even if I were to find that Mr. Wade made a new promise to pay the debts, it would not be binding on him because it was not in writing. Va. Code § 8.01-229(G); *Gwinn v. Farrier*, 159 Va. 183, 189-90, 165 S.E. 647 (1932).

Ms. Tsilis' claim upon an implied contract is also time-barred for the same reasons. This claim is a legal demand attempted to be asserted in equity. Therefore, if the legal demand is time barred, it is equally barred in equity. *Belcher v. Kirkwood*, 238 Va. 430, 433, 383 S.E.2d 729 (1989).