# CIRCUIT COURT OF THE CITY OF ROANOKE

Sagen Elizabeth Makel et al.

v.

The Tredegar Trust Co. et al.

October 24, 2005

Case No. CH05-339

BY JUDGE CHARLES N. DORSEY

This matter is before the Court on demurrer. The plaintiffs, contingent beneficiaries of a trust, allege in their Bill of Complaint that the trustee breached its fiduciary duties by making improper disbursements to the lifetime beneficiary, thereby unjustly enriching the lifetime beneficiary. To remedy the alleged breach, plaintiffs seek to impose a constructive trust, restitution, disgorgement, and punitive damages. Bill Compl. at 4-6.

The trustee demurs on the basis that contingent beneficiaries may not seek damages. Tredegar Dem. at 1, 3. The lifetime beneficiary demurs that, as a matter of law, a suit to recover waste or damages and a constructive trust is not a proper remedy under these facts. Godsey Dem. && 1-2. For the following reasons, the demurrer is sustained as to the availability of punitive damages, but overruled regarding all other matters.

## Facts

Martin Patsel ("Patsel") died testate leaving assets in two testamentary trusts. His widow, Ann Patsel Godsey (renamed by virtue of remarriage) was to receive income from both trusts for the remainder of her life. So long as there were marketable assets remaining in the second trust, she was to receive no

distribution from the first trust. She was to receive distribution from the second trust only when necessary for "her health and maintenance in reasonable comfort."

Patsel's children from a previous marriage, the complainants here, are the contingent remaindermen with their interests vesting upon the death of Godsey. Those children allege that Godsey, as the life beneficiary, has received and spent principle distributions from the trust, for reasons, and in amounts, that exceed those authorized by the language of the trust. Similarly, they allege that the trustee breached its fiduciary duty by improperly disbursing such funds to the life beneficiary.

## I. Issues

These challenges raise two questions:

(1) May a contingent beneficiary challenge a trustee's exercise of the trustee's fiduciary obligations prior to the contingent beneficiary's interest becoming vested?

(2) Under the facts as pleaded, are restitution, disgorgement, a constructive trust, and punitive damages available remedies?

## II. Analysis

### A. Standards for Demurrers

The Supreme Court of Virginia has clearly stated the well-settled principles regarding demurrers. Specifically:

> The purpose of a demurrer is to test the legal sufficiency of a pleading. "A demurrer admits the truth of all properly pleaded material facts. `All reasonable factual inferences fairly and justly drawn from the facts alleged must be considered in aid of the pleading'." However, a demurrer does not admit the correctness of the conclusions of law found in the challenged pleading.

*Fuste v. Riverside Healthcare Ass'n*, 265 Va. 127, 131-32, 575 S.E.2d 858 (2003) (citing *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909 (2001)).

Because all material facts are to be taken as true, "the sole question to be decided by the trial court is whether the facts . . . are legally sufficient to state a

cause of action against the defendant." *Thompson v. Skate Am., Inc.*, 261 Va. 121, 128, 540 S.E.2d 123 (2001).

## B. *Contingent Beneficiary's Ability to Challenge a Trustee's Conduct*

It is fundamental that a beneficiary of a trust may maintain a suit against the trustee for breach of fiduciary obligations. *See, e.g., Broaddus v. Gresham*, 181 Va. 725, 733, 26 S.E.2d 33 (1943); *Ivey v. Lewis*, 133 Va. 122, 136, 112 S.E. 712 (1922). This does not apply solely to vested beneficiaries. The Supreme Court of Virginia has determined that, "where . . . a trust is created for successive beneficiaries, the trustee has a duty to deal impartially with them." *Sturgis v. Stinson*, 241 Va. 531, 534-35, 404 S.E.2d 56 (1991) (citing *Shriners Hosps. v. Smith*, 238 Va. 708, 710, 385 S.E.2d 617 (1989); *Patterson v. Old Dominion Trust Co.*, 139 Va. 246, 257, 123 S.E. 549, 552 (1924)). *See also* Restatement (Second) of Trusts § 232 (1992) ("If a trust is created for beneficiaries in succession, the trustee is under a duty to the successive beneficiaries to act with due regard to their respective interests."). It follows that a contingent beneficiary has recourse against a trustee who acts improperly.

Among a contingent beneficiary's recognized remedies is an affirmative injunction (i.e., specific performance) to compel a trustee to act according to its duties,[1] a negative injunction to prevent waste,[2] and a suit to compel a trustee to redress a breach or breaches of trust. *Sedgwick's Curator v. Taylor*, 84 Va. 820, 823, 6 S.E. 226 (1888); Restatement (Second) of Trusts §§ 199(c), 205 (1992).

However, a contingent beneficiary's ability to challenge the trustee's actions is limited. The Supreme Court has delineated such a challenge in *Ivey v. Lewis*, where it said:

> As a contingent remainderman has no vested interest in the property, he cannot maintain a common law action to recover waste or damages in the nature of waste, but the rights of a contingent remainderman are much more extensive in *equity than at law*, for, while he will not be allowed to recover damages

---

[1] *See Ivey*, 133 Va. at 136; *Broaddus*, 181 Va. at 733 (citing and quoting the Restatement (Second) of Trusts § 199); Restatement (Second) of Trusts § 199(a) (1992) (The Comment to Section 199(a) provides: "*Specific Performance*. The beneficiary of a trust can maintain a suit to compel the trustee to perform his duties as a trustee. It is immaterial that there is an adequate remedy at law.").

[2] *Ivey*, 133 Va. at 136; *Broaddus*, 181 Va. at 733; Restatement (Second) of Trusts § 199(b) (1992).

for that which may not be his, *he should be allowed to prevent
the destruction of that which may become his.*

*Ivey*, 133 Va. at 136 (internal quotations omitted) (emphasis added).

Although a contingent beneficiary may not maintain an action at law for
damages, he certainly may maintain a suit in equity. The corollary is that the
contingent beneficiary may only seek equitable relief, and not legal relief such as
damages.

Admitting the truth of the allegations in the Bill of Complaint for
purposes of the demurrers, the Plaintiffs have pleaded facts sufficient to maintain
this suit in equity. The demurrers as to standing are overruled.

## C. *Contingent Beneficiary's Remedies for Breach of Trust*

### (1) *Equitable Remedies*

#### (a) *Injunctive Relief*

Because Tredegar Trust Company is no longer the trustee, the availability
of an injunction is moot, as concluded in the Court's July 11, 2005, decree.
Therefore, only the specific remedies available to redress a breach of trust
require discussion.

#### (b) *Constructive Trust and Disgorgement*

"Equity treats as done what ought to be done," and courts of equity may
utilize flexible remedies to achieve just results. *Campbell v. Corpening*, 230 Va.
45, 49, 334 S.E.2d 589 (1985). If disbursements are made improperly (i.e., in
breach of a fiduciary obligation), then the Court may impose a constructive trust,
requiring the transferee to disgorge the payments.[3] Otherwise, the lifetime
beneficiary would be unjustly enriched, receiving something she would not have
obtained but for the trustee's breach of duty. Nor are the elements of unjust

---

[3] In equity, "constructive trusts are those which the law creates, independently of the intention
of the parties, to prevent fraud or injustice." *Leonard v. Counts*, 221 Va. 582, 588-89, 272 S.E.2d
190 (1980). They arise "by construction of law . . . . [and] they occur not only where property has
been acquired by fraud or improper means, *but also where it has been fairly and properly
acquired, but it is contrary to the principles of equity that it should be retained." Campbell*, 230
Va. at 49-50 (emphasis added) (citing and quoting *Leonard*, 221 Va. at 589; 1 *Minor on Real
Property* § 462 (2d ed. Ribble 1928)).

enrichment utilized in the quasi-contract law sense here, as is argued. Unjust enrichment also occurs when someone retains a benefit that otherwise would not have been retained but for some wrongful act. *See, e.g., Galloway Corp. v. Wise*, 244 Va. 344, 346, 421 S.E.2d 431 (1992); *Richardson v. Richardson*, 242 Va. 242, 245-46, 409 S.E.2d 148 (1991).

### (c) *Restitution*

Similarly, if a trustee acts outside its fiduciary obligations to contingent beneficiaries by making improper disbursements to the lifetime beneficiary and those disbursements are spent by the lifetime beneficiary, the Court possesses the equitable power to require the trustee to make restitution to the trust corpus to remedy the loss to the aggrieved beneficiaries. *Sedgwick's Curator*, 84 Va. at 823 (citing 2 *Perry on Trusts* § 618 (3d ed.)).

On demurrer, the Plaintiffs must only allege facts sufficient to give rise to the availability of these remedies, which they have done. The demurrers are overruled as to the potential availability of these equitable remedies.

### (2) *Legal Remedies*

### (a) *Punitive Damages*

It is just as clear, however, that these contingent beneficiaries may only seek relief in equity because their interests have not yet vested. *See Ivey*, 133 Va. at 136. Punitive damages are by definition legal relief, not equitable, and they are unavailable here. The demurrers are sustained as to punitive damages.

While it is true, pursuant to *Advanced Marine Enterprises, Inc. v. PRC, Inc.*, 256 Va. 106, 121-22, 501 S.E.2d 148 (1998), as the Plaintiffs argue in footnote 3 of their Mem. Opp'n Def. Tredegar's Dem. at 4, that a chancellor may award punitive damages while sitting in equity if the remedy is available at law, this is not such a situation. Here, the contingent beneficiaries may only recover in equity because their interests have not yet vested. Because they could not recover punitive damages at law, their interests having not yet vested, they cannot do so in equity.