## CIRCUIT COURT OF FAIRFAX COUNTY

Miguel Orantes

 v.

Pollo Ranchero, Inc., et al.

March 9, 2006

Case No. CH-2005-3204

BY JUDGE JONATHAN C. THACHER

This matter came on December 16, 2005, for a hearing on Defendants' Joint Motion to Dismiss Complainant's Bill of Complaint. After considering counsels' arguments and briefs and reviewing the applicable law, the Court reaches the findings and conclusions stated below.

### I. *Background*

This case involves the ownership of stock in Pollo Ranchero, Inc., a Virginia corporation whose principal business is to own and operate Pollo Ranchero Tex-Mex Cafe, a restaurant located in Alexandria, Virginia.

Plaintiff Miguel Orantes and Defendant Fredis Ventura co-founded the restaurant in 1999, each making "approximately equal contributions to capitalize the corporation, pursuant to an agreement between them that they would be equal owners, that the corporation would own and operate the restaurant, and that profits . . . would be equally divided between them." Bill of Complaint, ¶ 5 at 2. Plaintiff Orantes alleges that, on or about January 11, 2001, defendant Gloria Guzman, who was Ventura's girlfriend – they are now

278

apparently married – and Ventura presented a document to Orantes, which they represented to be a "routine" corporate document needing Orantes' signature. The document actually turned out to be an agreement to transfer 150 shares of stock to Guzman for $10.00. Orantes, who does not read or speak English, signed the document, thereby diminishing his 50% interest in the business. When Orantes subsequently received a stock certificate for only 350 shares, rather than the 500 shares he thought he owned, he retained counsel in March 2002 to negotiate a settlement of his equitable interest in the company. Those "negotiations" subsequently broke down when Orantes could no longer afford to retain counsel.

Orantes was arrested on March 26, 2004, upon returning to the United States from his native El Salvador, on charges of theft and uttering a forged check. Orantes claims that the $1500 check was not forged and that Ventura legitimately issued the check to him representing a share of the corporate profits. Orantes pleaded guilty to the theft charge, and the forgery charge was dismissed.

Orantes filed his Bill of Complaint in this matter on July 12, 2005. Count I alleges fraud against Ventura and Guzman in misrepresenting the stock conveyance agreement. Count II alleges a concerted action on the part of Ventura and Guzman to injure Orantes' business interest in violation of Va. Code § 18.2-499. The remedies that Orantes seeks are largely equitable, including injunctions to restrain Ventura and Guzman from making corporate decisions, restitution of monies wrongfully denied him as a result of his diminished ownership interest, i.e. dividends, distributions, benefits, and the issuance of sufficient shares to restore him to his 50% interest. As to the conspiracy count under Va. Code § 18.2-499 (Count II), Orantes seeks treble damages under § 18.2-500 as against Ventura, Guzman, and the corporation, jointly and severally, to the extent of restitution awarded.

## II. *Discussion*

Defendants assert several theories in support of their pleas in bar as to the two Counts alleged in Orantes' Bill of Complaint. At the outset, two of these arguments are wholly without merit and do not require in-depth discussion.

The first is defendants' contention that both Counts are barred by the doctrine of unclean hands by virtue of Orantes' plea of guilty to the theft charge mentioned above. This argument is rejected because the wrongdoing complained of is not "immediately related to nor arises out of the transaction

that is the subject of the plaintiff's bill." *See Bond v. Crawford*, 193 Va. 437, 69 S.E.2d 470 (1952).

The second is defendants' argument that the conspiracy claim in Count II should be dismissed because Ventura and Guzman are agents of Pollo Ranchero, Inc., and "by definition, a single entity cannot conspire with itself." *Fox v. Deese*, 234 Va. 412, 362 S.E.2d 699 (1987). While this is a correct statement of Virginia law, this rule is inapplicable for the simple reason that Orantes' Bill of Complaint does not allege that Ventura and Guzman conspired with Pollo Ranchero, Inc.; rather, it alleges only that Ventura and Guzman conspired with each other. Under Va. Code § 18.2-499, all that is required is two or more persons combining to injure the plaintiff's reputation, trade, business, or profession, which is what Count II of Orantes' Bill of Complaint alleges.

A. *Plea in Bar as to Count I*

Defendants argue that Orantes' claim for fraud in Count I is time-barred under Va. Code § 8.01-243. Orantes contends that the two-year statute of limitations for fraud claims does not apply to the facts of this case because the Bill of Complaint sounds in equity rather than law, and, therefore, the doctrine of laches, rather than the statute of limitations, should apply. For the reasons stated below, defendants' Motion to Dismiss Count I of the Bill of Complaint is granted.

Va. Code § 8.01-243 states, in pertinent part, "every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." According to Orantes' Bill of Complaint, the alleged fraud took place on January 11, 2001, and Orantes was aware of the fraud no later than March 1, 2002. Bill of Complaint, at 2-3. The Bill of Complaint was filed on July 12, 2005. Orantes' argument that the limitations period of Va. Code § 8.01-243 does not apply to his claim in Count I because it seeks equitable remedies is unavailing. The fact that the Bill of Complaint seeks largely equitable remedies does not change the fact that the claim in Count I is for fraud. It is well-established in Virginia that "in respect to the statute of limitations equity follows the law; and if a legal demand be asserted in equity which at law is barred by statute, it is equally barred in equity." *Belcher v. Kirkwood*, 238 Va. 430, 433, 383 S.E.2d 729 (1989). Fraud is a tort, actionable at law, and would be barred if brought for money damages at law. Accordingly, even though Orantes' claim was brought on the chancery side of the Court, it still is barred by Va. Code § 8.01-243. Orantes' reliance on *Bryan*

*v. Nationwide Mut. Ins. Co.*, 65 Va. Cir. 233 (2004), is misplaced. First, *Bryan* is a decision from another circuit court and is not binding on this Court. Second, and more importantly, the claim in *Bryan* was a strictly equitable *cause of action* for reformation of a contract based on mutual mistake. Here, while the remedy sought is equitable, the *cause of action* is fraud, and the fact that money damages are not sought in Count I does not save it from being time-barred. Accordingly, defendants' Motion to Dismiss is granted as to Count I.

## B. *Plea in Bar as to Count II*

Defendants argue that the civil conspiracy alleged under Va. Code §§ 18.2-499 and 18.2-500 in Count II of the Bill of Complaint is merely an "alternative count" for the same fraud alleged in Count I and, like Count I, should be time-barred due to the two-year limitations period applied to fraud claims under Va. Code § 8.01-243(A) or by the two-year period of the "catch-all" statute of limitations under Va. Code § 8.01-248. Defendants further argue that Count II fails to state a claim because Orantes has not alleged any injury to his business as contemplated by Va. Code §§ 18.2-499 and 18.2-500. Orantes contends, like his argument as to Count I, that, because he seeks primarily equitable relief in his Bill of Complaint, the doctrine of laches, rather than the statute of limitations at law, should apply. In the alternative, Orantes argues that, even if the conspiracy claim in Count II is found by the Court to be cognizable at law, the claim is properly characterized as an injury to property to which the five-year limitations period of Va. Code § 8.01-243(B) should apply. For the reasons stated below, defendants' Motion to Dismiss Count II of the Bill of Complaint is also granted.

Orantes' first attack on the Motion to Dismiss Count II is the same as his main argument against the Motion to Dismiss Count I, that, because he seeks relief in equity, laches should apply rather than the statute of limitations at law and defendants have failed to establish the elements of laches. This argument fails for the same reason as stated in the discussion as to Count I. First, Orantes asserts a claim for trebled money damages in Count II pursuant to Va. Code 18.2-500, so he cannot even claim that he seeks purely equitable remedies in Count II. This claim for conspiracy under Va. Code §§ 18.2-499 and 18.2-500 is clearly a legal cause of action, whether the claim is brought on the law or chancery side of the Court. Here, the claim is legal, and Orantes seeks, in addition to certain equitable remedies, money damages in the prayer for relief in Count II.

Because the claim in Count II is legal rather than equitable, it is necessary to determine the appropriate limitations period. Orantes argues that, even if this Court finds that Count II is a legal claim to which laches does not apply, his claim is not time-barred. Orantes characterizes the claim in Count II as injurious to his property interest in the stock, and, therefore, the five-year limitations period of Va. Code § 8.01-243(B) should apply. Orantes cites *Willard v. Moneta Building Supply, Inc.*, 262 Va. 473, 551 S.E.2d 596 (2001), for the proposition that the reduction of his shares in Pollo Ranchero, Inc., as a result of the actions of Ventura and Guzman constitutes an injury to property.

Orantes is correct that the Supreme Court of Virginia has held that "the interest represented by a stock certificate is an intangible personal property right." *Id.* at 479 (citations omitted). However, Orantes' reliance on *Willard* is misplaced. In *Willard*, the plaintiff's claim was properly considered to be an injury to property, but the basis of the claim in *Willard* is distinguishable to that of the instant case. In *Willard*, the basis of the claim was that the plaintiff did not receive statutorily mandated notice of his dissenter's rights in a corporate stock sale. Here, the basis of the claim is the fraud allegedly perpetrated by Ventura and Guzman. Fraud is a wrongful act "aimed at the person," not that person's property. *See Pigott v. Moran*, 231 Va. 76, 81, 341 S.E.2d 179 (1986). Indeed, "because fraud invariably acts upon the person of the victim rather than upon property, its consequence is personal damage rather than injury to property." *J. F. Toner & Son, Inc. v. Staunton Production Credit Ass'n*, 237 Va. 155, 158, 375 S.E.2d 530 (1989). Therefore, it is clear that Orantes' claim in Count II is time-barred, whether this Court applies the limitations period of Va. Code § 8.01-243(A), which applies to fraud claims, or that of § 8.01-248, which applies to personal actions for which no other limitation is specified.

Further, Orantes has not alleged any injury to his business. The Virginia federal district courts have "consistently held" that relief under Va. Code §§ 18.2-499 and 18.2-500 is only proper when "malicious conduct is directed at one's *business*, not one's *person*." and that the statutes apply only to "conspiracies resulting in business-related damages." *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985) (emphasis in original). Defendants do not point out any Virginia Supreme Court cases holding the same, and this Court finds none. Nonetheless, this Court finds the logic employed by the federal courts to be persuasive. Although this last point is not necessary to this Court's decision, it lends further support to defendants' position.

Accordingly, defendants Motion to Dismiss is hereby granted as to Count II of Orantes' Bill of Complaint.

## III. *Conclusion*

Defendants' Joint Motion to Dismiss Complainant's Bill of Complaint is granted, and this matter is hereby dismissed with prejudice.

## *Order*

This matter came to be heard on December 16, 2005, upon the Defendants' Joint Motion to Dismiss Complainant's Bill of Complaint filed by all defendants. Based upon the briefs filed by counsel and the arguments made at the hearing on the matter, it appears to the Court that Complainant's Bill of Complaint was not filed within the two-year statutorily prescribed time limit outlined in Va. Code § 8.01-243(A) and/or Va. Code § 8.01-248; it is, therefore, adjudged, ordered, and decreed that the Defendants' Joint Motion to Dismiss Complainant's Bill of Complaint is granted and that this matter is hereby dismissed with prejudice as to all defendants.