## CIRCUIT COURT OF ROANOKE COUNTY

Martha Harrison Bane

v.

John Bane,
Ann Bane,
George T. Annis,
Elizabeth Harrison Annis,
and J. Allan Kingery

February 16, 2011

Case No. CL09-1168

By Judge Robert P. Doherty, Jr.

Plaintiff, in a multi-count complaint alleged, among other things, that Defendants engaged in illegal acts in violation of Virginia's criminal and civil conspiracy statutes, thereby causing damage to her real property. Defendants filed demurrers and supporting memoranda and made oral argument that the conspiracy statutes are not applicable because Plaintiff's claim is for damage to a personal and not a business interest in real estate. Plaintiff counters by claiming that Virginia case law contains specific language expanding the meaning of the conspiracy statutes to include personal interests in property generally.

It was the intent of the legislature when it created § 18.2-499, Code of Virginia (1950), as amended, to remove conspiracy to injure someone's reputation, business, trade, or profession from the antitrust and trade regulation laws where remedies could be costly and slow in coming, to the field of criminal law, where an injured party could receive swift justice, halt an ongoing wrong and have the wrongdoer punished. *See Andrews v. Ring*, 266 Va. 311 (2003). (For an interesting discussion of the history and legislative intent of the Virginia civil conspiracy statute see 38 *Washington & Lee Law Review* 377 (1981)). Almost as a by-product, Va. Code § 18.2-500 was enacted to provide injunctive relief and actual and punitive damages to a party who was injured by such a conspiracy. The purpose of these statutes was to protect the business property rights people had in

their reputation, business, trade, or profession. *See Andrews*, 266 Va. 311 at 319. If there was no business property right affected, the criminal and civil conspiracy statutes, which altered and replaced the common law, did not apply. *See Buschi v. Kirven*, 775 F.2d 1240, 1259 (1985); *see also Orantes v. Pollo Ranchero, Inc.*, 70 Va. Cir. 277, 280 (2006).

In this particular case, Plaintiff claims an injury resulting from a criminal and/or civil conspiracy to a non-business property interest. That personal interest in property is not covered under the Virginia conspiracy statutes. *See Buschi*, 775 F.2d at 1259. The Court finds that § 18.2-499 and § 18.2-500 only protects reputation, trade, business or profession when business property interests are threatened or injured. Since Plaintiff does not allege such a business threat or injury, the demurrers to Count VI, the conspiracy count, are sustained with prejudice.

Counsel for Defendant Kingery should prepare an appropriate order, incorporating this letter opinion by reference, dismissing entirely those parties joined in this lawsuit only by virtue of the conspiracy count.